[No. 18649. Department Two. January 9, 1925.]

HERMAN GOETZ *et al., Plaintiffs and Appellants,* v.
GEORGE F. RUSSELL *et al., Defendants and Respond-*
*ents,* N. F. JAHN *et al., doing business under*
*the name and style of Jahn & Bressi, In-*
*terveners and Respondents.*[1]

APPEAL (102)—DECISIONS REVIEWABLE—CESSATION OF CONTROVERSY.
The supreme court will dismiss an appeal from an order denying an
injunction to prevent the letting of a contract for, and the construc-
tion of, a public utility, where, pending the hearing, the contract
has been entered into and the work largely performed, and the
controversy, so far as plaintiff, a rival bidder, is concerned, has
ceased to exist.

Appeal from a judgment of the superior court for
King county, Smith, J., entered February 11, 1924, in
favor of the defendants, in an action for an injunction,
after a hearing before the court. Appeal dismissed.

*Roberts & Skeel,* for appellants.

*Peters & Powell* and *Wright & Catlett,* for inter-
veners and respondents.

*Thomas J. L. Kennedy* and *Edwin C. Ewing,* for de-
fendants and respondents.

MITCHELL, J.—The board of public works of the city
of Seattle called for bids for the construction of what
was collectively known as the Lake Youngs Develop-
ment, it being a part of additions and betterments to,
and extensions of, the existing water system of the
city, specified and adopted by ordinances of the city.
Six bids were submitted, that of Jahn & Bressi being
the lowest, and that of Goetz & Brennan, a corporation,
being next to the lowest. Upon all of the bids being re-

[1]Reported in 232 Pac. 300.

ferred to the engineering department for computation
and report back to the board of public works, and be-
fore any other consideration of the bids was given by
the board, Herman Goetz, in no way interested in the
Goetz and Brennan corporation, as a taxpayer, and
Goetz & Brennan, a corporation, commenced this ac-
tion against the members of the board of public works
and its secretary, as such, and against the mayor of
the city, to restrain and enjoin the board of public
works from giving consideration to the bid of, and
from ordering or directing any contract with, Jahn &
Bressi, and to restrain and enjoin the defendants and
each of them from signing, executing or entering into
any written agreement with Jahn & Bressi under their
bid, because of the alleged insufficiency of the amount
of the certified check accompanying their bid. A tem-
porary restraining and show cause order was entered
against and served on the defendants.

Prior to the hearing on the show cause order, Jahn
& Bressi, by permission of the court, intervened in the
action, uniting with the defendants in resisting the
claims and demands of the plaintiffs. On the hearing
of the show cause order, the cause was considered as
upon a final hearing on the merits, by consent of all
the parties. There can be no doubt that the bid of Jahn
& Bressi was made in good faith, nor is there any alle-
gation or proof that the amount of their bid is any-
thing other than fair and reasonable, being the lowest
of all bids submitted. From a judgment dissolving the
restraining order and denying the plaintiffs any relief,
they have appealed.

The two groups of respondents have jointly moved
in this court for an order dismissing the appeal for the
reasons that there has been a cessation of the contro-

versy, and that the right of appellants, if any ever existed, to injunctive relief has ceased to exist.

Before the appeal was heard in this court, which occurred some four months after the judgment appealed from was entered and the notice of appeal given, it was made to appear that, a few days after the judgment of the superior court, the board of public works of the city being free from any restraining or injunctive order, and appreciating the existence of a situation approaching an emergency in the protection of the health and safety of the people of the city, entered into a written contract with Jahn & Bressi according to the terms of their bid, and returned to them, as required by ordinance and the published call for bids, their check or checks in an aggregate amount more than equal to the exact amount required to accompany their bid, which amounts had been placed with the board prior to any consideration of the bids other than to simply refer all of them to the engineer's department for computation, and prior to the commencement of this action.

It further appears, without contradiction, that, after entering into such written agreement to construct the improvement, Jahn & Bressi, under directions of the board of public works, commenced within fifteen days the performance of their contract, and have at all times since vigorously continued to prosecute and perform it; that the value of the work done and the material placed on such improvement by Jahn & Bressi, according to the engineer's estimate at the date of the showing in support of the motion to dismiss the appeal, was $68,678.66, of which there had been paid and was to be paid shortly the sum of $49,876.86; that Jahn & Bressi have paid a premium of $18,161.38 upon the surety bond securing the performance of their contract

in accordance with its terms and the terms of their bid; that they have obligated themselves upon various items of construction and material necessarily involved for use in the work to be done under the contract in an amount exceeding $520,000; that they have practically completed the clearing and grubbing required by their contract, have driven approximately one thousand feet of tunnel called for by the plans and specifications for the improvement and have lined the same with steel plates; that they have installed and constructed a power line upon the site of the improvement approximately four miles in length, and have procured and purchased a right of way for a construction railroad four miles long, from a station on the Chicago, Milwaukee & St. Paul Railroad to the site of the improvement; and that the materials contracted for by them are for the most part made specially for the particular improvement involved, and to that extent have no use or commercial value otherwise.

In opposing the motion to dismiss the appeal, the appellants insist upon and cite authorities from this and other jurisdictions in support of the power to grant injunctive relief. Of the existence of such power, there can not be any question. However, the pertinent inquiry here is whether, under all the circumstances of this case, that power should be exercised. In this record it is noticeable that the appellants seek no damages. Indeed, under the charter of the city and the call for bids in this case, the board of public works reserved the right to reject any and all bids, and it has rejected the bid of appellant and returned to it the certified check accompanying that bid. Nor can it be said that they can suffer as taxpayers, in the sense that a taxpayer's suit is generally understood, for the reason that the money used by the city in paying the

cost of the construction involved is not raised by taxation or special assessment, but out of a special fund provided by the revenues of the public utility which is being bettered and extended, namely, the public water system of the city.

The whole record in this case shows that the sole purpose of the suit and the only relief sought is preventive in its character. To the extent it seeks to enjoin the city authorities from entering into a contract with Jahn & Bressi, the action has now become purposeless because that contract has been entered into, and to that extent the motion to dismiss should prevail under the rule in the case of *Vollman v. Industrial Workers of the World,* 79 Wash. 192, 140 Pac. 337, and cases there cited. To the extent it seeks to enjoin the carrying out of the contract by Jahn & Bressi, who intervened in the action, it is hostile to important financial interests of theirs, who, if allowed to fully perform and complete their contract, will in no way harm or injure the appellants, or either of them.

The remedy by injunction is summary and extraordinary and the granting of it must always rest in the exercise of a sound discretion governed by the nature of the particular case. This principle, well established as it is, must be kept in mind in a just and fair consideration of the motion to dismiss this appeal. Under sufficiently similar circumstances this court has granted such motions, as shown by the case of *Barber Asphalt Paving Co. v. Hamilton,* 80 Wash. 51, 141 Pac. 199, and cases there cited. In that case, upon a showing that the things sought to be enjoined, though largely performed, were not completed, this court, in disposing of a motion to dismiss the appeal for the same grounds as those urged in the present case, among other things, said:

"The determination of this motion to dismiss involves two questions: (1) Has the right to injunctive relief ceased to exist? (2) Does the complaint, to which neither the state nor the county of King is a party, state a cause of action for damages? I. The supplemental answer, orally pleaded at the hearing, alleged that, at that time, the contract had been re-let to Peterson for a brick pavement throughout; that he had given the necessary bonds and that he had approximately performed the work. The only reply to this was a denial of any knowledge or information sufficient to form a belief. There is grave doubt whether such a denial was sufficient to put the truth of these allegations in issue. . . .

"In any event, affidavits filed in this court in support of the motion for dismissal show that the board reconsidered the acceptance of the plaintiff's bid and rescinded the order of acceptance; that it adopted a resolution to the effect that it was for the best interests of the public that the highway in question be constructed with a brick surfacing and concrete foundation; that advertisement for the work be so limited; that the county engineer be instructed to prepare and file plans and specifications for the work as indicated and as theretofore approved by the board and the highway commissioner; that a re-advertisement for bids was had; that Peterson was the lowest bidder, and that, on motion, the contract was awarded to him for paving with No. 2 brick with a five-inch concrete base and five years' maintenance for the sum of $149,750. It also appears by affidavit that Peterson is proceeding with the work, that the larger part of it has been performed and that it will be completed by March 1, 1914. These things are not controverted. Since the relief asked for was an injunction restraining the defendants from re-letting the contract and from interfering with the plaintiff in the performance of its contract, and since, as shown by these uncontroverted affidavits, the contract has been re-let and the plaintiff has already been prevented from performing the work, which is now approximately completed, it

is clear that the right to injunctive relief no longer exists. We have repeatedly held that where, pending an appeal, the controversy between the parties or the right involved in the action has ceased to exist, the appeal will be dismissed upon a showing thereof, either by the record or by evidence produced in this court, upon the ground that there is no subject-matter upon which the judgment could operate."

Upon consideration of the whole case, we are satisfied that the motion to dismiss should be and it is hereby granted.

MAIN, C. J., PEMBERTON, BRIDGES, and FULLERTON, JJ., concur.