[No. 30988.    Department Two.    June 20, 1949.]

THE STATE OF WASHINGTON, *on the Relation of Continental Casualty Company, Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Ralph E. Foley, Judge, Respondent.*[1]

[1]Reported in 207 P. (2d) 707.

*Harry M. Morey,* for relator.

*Richard S. Munter* and *Justin C. Maloney,* for respondent.

SCHWELLENBACH, J.—The Standard Lumber Company commenced an action in the superior court for Spokane county against the Continental Casualty Company. The complaint alleged that the defendant issued to the plaintiff its bond of indemnity, designated Blanket Position Bond, by which it agreed to indemnify plaintiff against any loss which it might sustain through larceny, theft, embezzlement, etc., of any of plaintiff's employees, with a limit as to each employee in the sum of $10,000; that plaintiff had in its employ, as manager of its yard at Dishman, one M. J. Kubicek; that·while in the employ of plaintiff, and while the above-mentioned bond was in force, Kubicek wrongfully appropriated funds belonging to the plaintiff, as a result of which plaintiff suffered a loss of $10,225.38, none of which has been paid, and plaintiff prayed for judgment in the sum of $10,000.

In the meantime, Kubicek had moved his residence from Spokane to Cedar Rapids, Iowa.

The defendant moved to have Kubicek made a party defendant, on the ground that the liability of the defendant is based upon the liability, if any, of Kubicek, and that if judgment should be rendered against the defendant, it would have a cause of action against Kubicek; that the ends of justice would be better served by having the entire controversy tried out in one lawsuit. Attached to the motion were exhibits "A" and "B."

"EXHIBIT 'A'

December 24, 1946

"Registered: Return Receipt Requested
"Continental Casualty Company
"910 South Michigan Avenue
"Chicago, 5, Illinois
"Attention: Bond Department
　　　　　　Re: STANDARD LUMBER COMPANY
　　　　　　　　M. J. KUBICEK
"Gentlemen:
　"It is my understanding that your assured the Standard Lumber Company of Spokane, Washington, is in the process

of presenting a claim in which it is alleged that one of its former employees, M. J. Kubicek, wrongfully appropriated for his own use, funds of said lumber company.

"Mr. Kubicek has employed me to represent him. This letter is notice to you that Mr. Kubicek denies the allegations of the Standard Lumber Company and instructs you to make no payments to said company without his express permission.                              Yours very truly,

EARL J. TURNER" [signed]

"EXHIBIT 'B'

"IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| "STANDARD LUMBER COMPANY, a corporation, Plaintiff,<br><br>vs.<br><br>"CONTINENTAL CASUALTY COMPANY, a corporation,                              Defendant. | No. 119895<br>CONSENT TO JURISDICTION |
|---|---|

"I, M. J. Kubicek, now being resident of the City of Cedar Rapids, Iowa, do hereby agree that I may be made party defendant in the above entitled action and I hereby consent to the jurisdiction over me of the above entitled Court or of the District Court of the United States for the Eastern District of Washington, Northern Division, in the event that the above entitled action should be removed to that Court.

"Dated at Cedar Rapids, State of Iowa, this 4th day of September, 1947.

/s/   M. J. Kubicek

| "STATE OF IOWA<br>"COUNTY OF LINN | ss. |
|---|---|

"I, the undersigned, a Notary Public in and for the above named County and State, do hereby certify that on this 4 day of September, 1947, personally appeared before me M. J. Kubicek to me known to be the individual described in and who executed the within instrument, and acknowledged that he signed and sealed the same as his free and voluntary act and deed for the uses and purposes therein mentioned.

"Given under my hand and official seal the day and year last above written.

"/s/   F. H. KUBICEK
Notary Public in and for the
State of Iowa, residing at
(F. H. KUBICEK           Cedar Rapids, Iowa.   Linn
IOWA                County, Iowa
NOTARIAL SEAL)           My Commission expires 7/4/48"

Later, defendant answered and cross-complained against Kubicek and moved that Kubicek be made a party defendant in the cross-complaint of the defendant against him.

The matter came on for hearing before Honorable Ralph E. Foley, who made an order denying the motion.

An application was then made to this court for an order for alternative writ of certiorari, which was issued. The respondent judge certified and returned to this court a full and complete transcript of the records of the proceedings, which matter was heard on the 29th day of April, 1949.

We therefore proceed to a consideration of the merits.

Rem. Rev. Stat., § 196 [P.P.C. § 3-47], provides:

"The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in."

Rem. Rev. Stat., § 406 [P.P.C. § 62-5], provides:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves."

▇ When a complete determination of a controversy cannot be had without the presence of other parties, a mandatory duty is imposed upon the court to bring them in. If a complete determination can be had without the presence of other parties, then the right to bring them in is addressed to the sound discretion of the court. 39 Am. Jur. 956, Parties, § 85.

Relator contends that it is entitled to bring Kubicek in as a matter of right, because it could be subrogated to the rights of the plaintiff against the employee, and bases its argument particularly on section 9 of the bond:

"(9) That in case any reimbursement be obtained or recovery be made by the Insured or the Underwriter on account of any loss covered under this bond, the net amount of such reimbursement or recovery, after deducting the

actual cost of obtaining or making the same, shall be applied to reimburse the Insured in full for that part, if any, of such loss in excess of the aggregate of the amounts of all bonds, fidelity insurance, indemnity and security, including this bond, taken by or for the benefit of the Insured and covering such loss, and the balance, if any, or the entire net reimbursement or recovery, if there be no such excess loss, shall be applied to that part of such loss covered by this bond, or, if payment shall have been made by the Underwriter, to its reimbursement therefor. The Insured shall execute all necessary papers and render all assistance, not pecuniary, to secure unto the Underwriter the rights provided for in this paragraph. The following shall not be reimbursement or recovery within the meaning of this paragraph: suretyship, insurance or re-insurance; also security or indemnity taken from any source by or for the benefit of the Underwriter."

That section merely provides that in case of any reimbursement or recovery by the insured or the underwriter, the net amount so recovered shall be applied for that part, and the balance shall be applied to that part of the loss covered by the bond. That portion which states "The insured shall execute all necessary papers and render all assistance, not pecuniary, to secure unto the underwriter the rights provided for in this paragraph," does not require the insured to consent to a defaulting employee being made a party to the suit.

■ This controversy could be determined in the present action between the parties to the bond, and it was not mandatory that Kubicek be brought in as a party. We shall therefore consider whether or not, under the circumstances, it was an abuse of discretion not to bring him in.

Relator relies on *Miller & Barnhardt v. Gulf & Atlantic Ins. Co.,* 132 S. C. 78, 129 S. E. 131, which was an action on a sheriff's bond in which he was the obligor. A motion was made to include the sheriff as a party defendant, which was denied. The sheriff then moved to intervene as a party defendant, which was denied. In reversing the trial court, the South Carolina court said:

"The weight of authority appears to be in favor of the proposition that in the case of a joint and several official

bond the officer, the principal obligor, is not a necessary party (29 Cyc., 1464; 22 R. C. L., 518), and the action may be brought against the surety without joining the principal. It is not considered necessary to decide that question in the present case, for, be it as it may, there is no doubt as to the proposition that the officer is a proper party. . . .

"The motion to have the sheriff made a party defendant was, under the circumstances, so just and reasonable that it should have been granted unless it appeared to the trial Judge, in the exercise of his discretion, that some good reason existed for refusing it. The sheriff was the principal obligor upon the bond. The plaintiffs' cause of action was based upon his alleged negligence and mismanagement; no one was better qualified to explain the doubtful circumstances of the transaction than the sheriff. The surety company, upon payment of the plaintiffs' demand, would be entitled to indemnity from the sheriff; it could not possibly be detrimental to the interests of the plaintiffs, if entitled to recover, to have a judgment against two rather than one. It would be a serious detriment to the surety company, sued alone, to have to pay the judgment and then institute an action against the sheriff for indemnity in his own county. It is in the line of public policy that all differences between interested parties be adjusted in the one litigation. . . .

"It occurs to us that every conceivable ground was present to induce the conclusion that the bringing in of the sheriff as a party defendant was just, reasonable, and in line with the policy of the law 'to prevent a multiplicity of suits and that there may be a complete and final decree between all parties interested'; certainly 'a consummation devoutly to be wished,' a desirable result."

In *Pearce & Co. v. American Surety Co.*, 173 S. C. 77, 174 S. E. 902, Pearce & Co. took out a blanket indemnity bond with the surety company, covering all employees. Moore, an employee, was short $491.85, and an action was commenced on the bond. Moore had not signed the bond, but had given the surety company an indemnity agreement whereby he bound himself to hold the surety harmless. In holding that it was an abuse of discretion not to make Moore a party defendant, the court said:

"Section 404 of the Code provides who may be defendants. It permits any person who has an interest in the controversy

adverse to the plaintiff or who is a necessary party to a complete determination of the questions involved to be made a party defendant.

"Section 657, Subd. 1, of the Code, looking to a final determination of the questions involved in any suit and evidently to avoid a multiplicity of suits, permits judgments to be given for or against plaintiffs, for or against defendants, and a determination of the ultimate rights of the parties on each side.

"Applying these principles to the question now before us, we find that Moore has been charged with a most serious offense, the liability of the surety company being based upon the truth of these charges. We further find that Moore gave to the surety company an indemnity agreement providing that he would hold the surety company harmless against any loss sustained on his account. A complete determination of the questions will result in finding whether or not Moore is guilty, his guilt having been denied in the answer; whether or not, if guilty, the surety company may be subrogated to the rights of Pearce & Co. in a judgment against Moore; whether or not the surety company would be entitled to a judgment against Moore, its codefendant. The making of Moore a party defendant would permit a judgment against him in favor of the surety company, in the event Pearce & Co. established its claim against the surety company, thereby saving the necessity of a future suit of the surety company against Moore upon the indemnity agreement. Unless Moore be made a party to the present suit, he would not be bound by the result of it, and the surety company might be compelled to pay an alleged shortage on the part of Moore which, in reality, might not have existed. In justice to all parties, Moore should be brought in as a party defendant."

Respondent calls our attention to the fact that in the *Miller & Barnhardt* case the sheriff was the obligor on the bond, and in the *Pearce* case the employee gave the surety company an indemnity agreement. The cases are distinguishable from the one at bar. Nevertheless, the court in those cases was influenced primarily in avoiding a multiplicity of suits.

The only instance where a similar problem has been before this court was in the early case of *Shuey v. Adair*, 18 Wash. 188, 51 Pac. 388, 63 Am. St. 879, 39 L. R. A. 473. That

was an action on a promissory note given to a bank and discounted by it to Ballard, Rinehart, Holmes and Robertson. The defendant, who was the maker of the note, set up this transaction in his answer and moved that these parties be brought in as additional defendants. The motion was denied. Upon appeal that ruling was urged as error. This court said:

"It is contended by the appellant that in any event the motion to make Rinehart *et al.* parties to this action should have been sustained for the reasons that the law abhors a multiplicity of suits, and that all the rights might have been determined in one action, but the plaintiff here, having a right to elect, the defendant can not invoke this rule in this case, for it would delay the rights of plaintiff for the defendant's benefit. The plaintiff had a right to sue the real party as disclosed by the instrument itself; and having done so, if the defendant is entitled to contributions from his alleged principals, that is a matter in which this plaintiff has no interest, and his rights cannot be affected or delayed by it."

There is no question but that if the trial court had granted the motion to make Kubicek a party defendant, we would not hold that to be an abuse of discretion. But our problem is to decide whether or not the court's refusal to bring him in was an abuse of discretion. The court could have questioned Kubicek's consent to submit to the jurisdiction of the Spokane county court, he having removed himself from Spokane to Cedar Rapids, Iowa, when this trouble arose. The bond agreement is between the plaintiff and defendant alone. The court could have felt that the plaintiff should have the right to bring its action on the bond and obtain an adjudication of its rights without being compelled to sit on the side lines as a mere observer in a contest between the bonding company and Kubicek, a contest which could bring on flanking maneuvers which would seriously hamper the main issue of the litigation. We find no abuse of discretion on the part of the trial court in refusing to bring in Kubicek as a party defendant.

The order of the trial court denying the motion is affirmed, and the cause remanded for further proceedings.

Robinson, Mallery, Grady, and Hill, JJ., concur.