UNITED CONSTRUCTION WORKERS ET AL. *v.* THE H. O. CANFIELD COMPANY ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE NO. 81528

452

Memorandum filed September 6, 1955.

*Brennan & Daly,* and *John A. Arcudi,* both of Bridgeport, for the plaintiffs.

*Cummings & Lockwood,* of Stamford, and *Pullman, Comley, Bradley & Reeves,* of Bridgeport, for the defendants.

FIRST: THE DEMURRER TO THE "EIGHTH SPECIAL DEFENSE" OF DEFENDANT THE H. O. CANFIELD COMPANY.

TROLAND, J. On or about August 6, 1947, a labor dispute within the meaning of §§ 1420e-1424e of the 1939 Cumulative Supplement to the General Statutes (Rev. 1949, §§ 7408-7412) existed between the plaintiff union and its members and the defendant H. O. Canfield Company, at its factory in Bridgeport. On August 6, 1947, upon the application of Canfield Company, Honorable J. Howard Roberts, a judge of the Superior Court, made the necessary preliminary finding and ordered "that upon the filing of a satisfactory undertaking in the sum of Ten Thousand ($10,000.) Dollars to answer all damages in case the plaintiff (Canfield) shall fail to prosecute the action to effect, a temporary injunction will issue." Thereafter, on said August 6, 1947, a $10,000 bond approved by Judge Roberts was filed and a temporary injunction issued. In November and December, 1947, the issues were tried to the Superior Court and the court dissolved the temporary injunction which restrained the defendants from interfering with access to the plaintiff's plant and refused a permanent one, and this judgment on appeal was

affirmed by the Supreme Court of Errors. *H. O. Canfield Co.* v. *United Construction Workers,* 136 Conn. 293.

In the present action, in the first count, the plaintiffs seek damages of over one million dollars against the defendants for alleged breach of the undertaking filed. The "undertaking" referred to in the complaint is the bond filed with Judge Roberts August 6, 1947, in which The H. O. Canfield Company, as principal, and The Aetna Casualty and Surety Company, as surety, are stated to be "holden and bound, jointly and severally, unto [the plaintiffs in this action] in the penal sum of Ten Thousand ($10,000.) Dollars, to which payment well and truly to be made, the said obligators hereby bind themselves, their successors and assigns, firmly by these presents." The condition clause in said bond concludes in the following words: "[N]ow therefore if the plaintiff shall prosecute said action to effect, this bond shall be void and of no effect; but if the plaintiff shall fail to prosecute said action to effect, then this bond shall be in full force and effect and the obligators herein shall be bound to answer all damages accruing by reason of the issuance of said temporary injunction and said failure to prosecute said action to effect."

In the eighth special defense the defendants have pleaded that "the damages claimed by the plaintiffs in the First count, if any, are limited to Ten Thousand ($10,000.) Dollars, because the liability of the defendant company on the injunction bond, referred to in said count, is limited to the face amount of the bond which is Ten Thousand ($10,000.) Dollars, and because said injunction bond is a penal bond providing for a penalty of Ten Thousand ($10,000.) Dollars and, under the provisions of the section 7984 of the Conn. G. S. Revision of 1949, the damages which can be recovered under any such bond are

limited to the amount of the penalty specified in the bond with interest." The plaintiffs herein have demurred to this eighth special defense, alleging that "said defendant's liability for damages for the cause of action alleged in the first count of the plaintiffs' complaint is not, under the law of Connecticut, limited to Ten Thousand ($10,000.) Dollars."

The determination of the issues on demurrer involves an examination and construction of the "undertaking" filed and the effect thereon, if any, of two sections of Connecticut General Statutes.

The pertinent portions of the General Statutes involved are as follows:

Sec. 7411. . . . No temporary restraining order or temporary injunction shall be issued except on condition that the complainant shall first file an undertaking, with surety satisfactory to the court granting the injunction, to answer all damages in case the plaintiff in the action in which the injunction is applied for shall fail to prosecute the action to effect.

Sec. 7984. DAMAGES IN ACTIONS ON PENAL BONDS. In any action on a penal bond, containing any condition which has been broken, such damages only shall be assessed as are equitably due . . . but the whole amount of such judgment shall not exceed the penalty of the bond with interest.

The plaintiffs, in an exhaustive brief in support of their demurrer, claim that under said § 7411 they, as defendants in the earlier action, were entitled to an undertaking, with surety satisfactory to the court granting the injunction, to answer "all damages" in case the plaintiffs in said action failed to prosecute the action to effect. They claim that the court in granting the injunction is without discretion in the matter of the undertaking, except with relation to the sufficiency of the surety; and, further, that the undertaking, if a bond, is not a penal bond but an indemnity bond and that therefore the limitations on damages recoverable in actions on penal bonds as provided in § 7984 do not apply; and further that the condition clause of the bond contains an independent,

original enforceable covenant to answer all damages, even though they exceed the face amount of the bond.

It seems clear to the court that the undertaking required by § 7411 should be adequate in its provisions to enable the recovery of "all damages" sustained. To provide for less would be injustice.

There was no liability at common law for damages resulting from an injunction erroneously granted unless the case was one of malicious prosecution. At an early date the courts and legislatures adopted measures of indemnity and protection for those who were enjoined and to require bonds from the plaintiff for the payment of damages to the defendant in case of a final decision adverse to the injunction. The General Assembly of Connecticut no doubt intended to grant or to provide such protection when it enacted § 7411. This section of the statutes, however, created no new cause of action. The cause of action is on the contract or undertaking.

An undertaking with adequate security is, in common usage and in the language of the law, a bond. *International Ladies' Garment Workers Union* v. *Donnelly Garment Co.*, 147 F.2d 246, 252. The undertaking sued on in the first count of plaintiff's complaint is a bond. In providing for the undertaking to be submitted by the Canfield Company, Judge Roberts fixed the extent of the liability to be assumed thereunder at $10,000. In so doing, he was, to borrow the words of the great Judge Cardozo, "drawing upon an ancient jurisdiction in order to give effect and meaning to the statutory scheme."

It thus appears that in so fixing the amount of the bond, the judge was maintaining the principle of public policy that the right to resort to the courts when exercised in good faith shall be kept free from the menace of unknown and unknowable penalties

and such action avoids the temptation otherwise offered to defendants to put forth extravagant claims. In so doing, there is nothing inconsistent with an intention on the part of the legislature to provide for labor unions and their members the widest possible protection against erroneous and improvident injunctions. Necessarily, at the beginning of an action, the amount of security adequate for a defendant's protection is a matter of estimate. It may be fixed at a sum which the event proves inadequate or excessive. If the security required by the court becomes inadequate while the restraint continues and the litigation proceeds, a defendant has ready to hand the means for his protection by a motion for an increase in the amount of the security. See opinion of *Cardozo, J.,* in *Yonkers* v. *Federal Sugar Refining Co.,* 221 N.Y. 206.

The plaintiffs' cause of action therefore is on this bond. Our Supreme Court of Errors, in the appeal in the original injunction action, and with this undertaking before it in the record, stated with reference to it: "[T]he defendants propose to sue the plaintiff on various counts if they prevail on this appeal; if the plaintiff does not prevail, it may be liable on a $10,000 bond given on the issuance of the temporary injunction." *H. O. Canfield Co.* v. *United Construction Workers,* 136 Conn. 293, 295. It thus appears that this cause of action is based on a bond, penal in form, binding principal and surety, jointly and severally, in the penal sum of $10,000.

No Connecticut case has been cited in which more than the penalty on the bond ever has been authorized as a recovery. In the span of 132 years, our Supreme Court has held that judgment may enter for less than the penalty, where justice requires it, but never in any case to exceed the penalty. *Carter* v. *Carter,* 4 Day 30, 36 (1809); *White* v. *Keilty,* 128

Conn. 313, 321 (1941). The obligation, or undertaking, on which this action is based is a penal bond. It is penal in form. It binds the obligors in the penal sum of $10,000. This being the case, a judgment thereon "shall not exceed the penalty of the bond with interest." General Statutes § 7984. The great weight of authority of the learned text writers and of other jurisdictions is to the effect that the amount of the penalty, with the possible addition of interest, furnishes the outside limit of possible recovery. 3 Williston, Contracts (Rev. Ed.) § 775; Restatement, 1 Contracts § 339(2); *International Ladies' Garment Workers Union* v. *Donnelly Garment Co.,* 147 F.2d 246. Note, "Penalty as Limit of Liability on Injunction Bond," 70 A.L.R. 62.

In a supplement to their brief, plaintiffs have raised an interesting claim which requires careful consideration. They maintain that the condition clause of the bond contains an independent, original obligation on the part of the defendants to pay sums which may be enforced independently of the promise to pay the penalty. This claim receives a measure of support in the case of *Tomlinson* v. *Ousatonic Water Co.,* 44 Conn. 99. That "an enforceable agreement may be contained in that part of a bond called the condition" is stated in *New Britain* v. *New Britain Telephone Co.,* 74 Conn. 326, 329, citing *Tomlinson* v. *Ousatonic Water Co.,* supra, as authority. In the *Tomlinson* case, the court said (p. 102): "The contract was made in the form of a bond, and a condition annexed, and it is this peculiarity of it which creates whatever uncertainty there is with regard to its construction." By so doing, the parties in *Tomlinson* created, in the words of the court (p. 102), "a contract of doubtful construction, to say the least, unless it is read in the light of the surrounding circumstances. This we are required to do, and to ascertain as best we can what was the

intention of the parties as expressed by their contract." Applying this rule from the *Tomlinson* case, supra, it appears from the relation of the parties and the surrounding circumstances known to the court that the bond in this case was intended to be a penal bond in the sum of $10,000, that the obligors then intended to limit their joint and several liability thereon to the amount of the penalty, and that such was the undertaking approved by the judge.

For the above reasons the demurrer to the eight special defense is overruled.

SECOND: THE PLAINTIFFS' DEMURRER TO THE TENTH SPECIAL DEFENSE AND FIRST COUNTERCLAIM OF THE DEFENDANT H. O. CANFIELD COMPANY, AND TO THE ELEVENTH SPECIAL DEFENSE AND SECOND COUNTERCLAIM OF THE DEFENDANT H. O. CANFIELD COMPANY, AND TO DEFENDANT H. O. CANFIELD COMPANY'S FOURTH PRAYER FOR RELIEF, AND TO THE DEFENDANT WYMANS' NINTH AND TENTH SPECIAL DEFENSES.

At the suggestion of the plaintiffs as made in their brief, the court has examined the record of the trial of the original suit for a permanent injunction, the finding therein and the final opinion of the Supreme Court of Errors in that case. The court is of opinion that plaintiffs' claim of the extent to which matters in controversy in the present suit are res adjudicata is not well founded. The court is of opinion that the "matter in controversy" and "the transactions giving rise to the alleged causes of action set out by the plaintiffs" are not limited to the narrow compass claimed by the plaintiffs in their brief when they say "all five counts in the complaint have the former judgment as their common subject." The basic fundamental transaction in which the parties are alleged to have been engaged was a labor dispute, extending over many months, separately

stated and detailed in many paragraphs of the complaint.

The plaintiffs maintain they were seeking a lawful labor objective and that they were met by many unlawful labor practices on the part of management. These acts as alleged include but are not limited to the application by the company for a temporary injunction against alleged illegal picketing, which was granted and subsequently dissolved. There are general allegations of violation by the company and the other defendants of the rights of the plaintiffs under certain statute laws of the state of Connecticut, and further allegations of malice and want of probable cause.

The defendants maintain in the defenses under attack that during the period of the labor dispute they were engaged in and took various steps and actions constituting a lawful objective of management under the circumstances, as they combated what they allege were wilful, wanton and malicious acts on the part of the plaintiffs, and in breach of their contract. The various defenses of all the defendants are properly pleadable as matters in avoidance or of defense, and must be so pleaded in order for defendants to give such matters in evidence. General Statutes § 7815. These defenses are also properly pleadable in "justification." Pollock, Torts (13th Ed.) p. 113; Restatement, 4 Torts c. 45; *Connors* v. *Connolly*, 86 Conn. 641. The defendant Canfield Company also uses the special defenses as the basis of counterclaims. General Statutes § 7818; Practice Book § 110.

The allegations of the special defenses attacked by the demurrer must be tested by the facts provable under them. *McNish* v. *American Brass Co.*, 139 Conn. 44, 48.

Plaintiffs challenge what they call the attempt of the defendant Canfield Company "to recover damages for an alleged conspiracy and no cause of civil action for conspiracy exists under the law of Connecticut." The counterclaims do allege that the plaintiffs conspired to do the defendants harm, but the cause of action stated is for the alleged wilful, malicious and wanton acts separately stated and alleged as committed pursuant to said formed conspiracy rather than by the conspiracy itself. Such a cause of action is recognized by the law of Connecticut. *Cole* v. *Associated Construction Co.,* 141 Conn. 49, 54.

Plaintiffs assume in their brief that the "gravamen of the company's counterclaims" is plaintiffs' maintenance of the present lawsuit, and that said counterclaims constitute allegations for vexatious suit, and fail to allege the termination of the allegedly vexatious proceedings. It appears to the court that the reference to the present litigation therein is incidental only to the other matters alleged and is for the purpose of illuminating them. Reference to the pending litigation is to a matter of fact which will be before the trier in any event. It may at some distant day present a problem to the trial judge in a ruling on evidence, or in his charge to the jury, but it does not vitiate or seriously contaminate the matters otherwise alleged as defenses. The counterclaims are based on and touching the matters in question in the complaint, whose consideration is necessary to a full determination of the rights of the parties as to such matters in controversy. They are therefore proper matters for adjudication in this litigation.

The prayer of the defendant Canfield Company for relief asking for punitive damages is proper in the event the defendant should sustain the allega-

tions of wanton and malicious injuries set out in the counterclaims. *Proto* v. *Bridgeport Herald Corporation,* 136 Conn. 557, 571.

The demurrer of plaintiffs to the tenth special defense and first counterclaim of the defendant H. O. Canfield Company against all plaintiffs, and to the eleventh special defense and second counterclaim of the defendant H. O. Canfield Company against all plaintiffs, and to the H. O. Canfield Company's fourth prayer for relief, and to the defendant Wymans' ninth special defense and tenth special defense, is overruled.