[No. 1341-3.    Division Three.    July 21, 1976.]

FRANCISCO VENEGAS, ET AL, *Appellants*, v. UNITED FARM WORKERS UNION, ET AL, *Respondents*.

*Donald H. Bond* and *Halverson, Applegate, McDonald, Bond, Grahn, Wiehl, Almon & Putney,* for appellants.

*Fox & Arditi* and *Michael J. Fox,* for respondents.

McINTURFF, C.J.—Seven named plaintiffs, all tenants of a migrant labor camp, appeal from a judgment dismissing their complaint for an injunction against invasion of the privacy of their homes by the United Farm Workers (UFW), a labor union. Though originally brought as a class action, the tenants are proceeding here in their individual capacities. On cross-appeal, the UFW seeks review of denial of its motion for joinder of additional parties and an inadequate award of attorney fees. We affirm.

The UFW is the duly elected collective bargaining agent of those agricultural laborers residing at the Yakima Chief Ranch, Mabton, Washington, by virtue of an election held in September 1970. Contract negotiations were begun with Yakima Chief Ranch management but were suspended after impasse in June 1971. Support for the UFW among tenants of the Yakima Chief Ranch labor camp was then gradually eroded through efforts of the Agricultural Working Peoples Committee, a rival labor organization substantially supported by persons involved in Yakima Chief Ranch management. Upon return of the laborers to the Yakima Valley for the 1972 hop season, the UFW began counter efforts to reestablish their position at the Yakima Chief Ranch.

On several occasions, the UFW arrived at the labor camp in a large group, split into smaller groups, knocked on doors, and distributed leaflets. According to testimony, UFW representatives encouraged the laborers to "come out and talk, not to be cowards." Individual tenants testified of their own experience, for example, that a UFW representative knocked on one door and then glanced in the window when there was no answer, that a 4-year-old girl was frightened by the arrival of the UFW at the labor camp, or that a recent hospital patient did not want to be disturbed by anyone. On other occasions, someone had a bullhorn, someone had a camera, the UFW honked their horns when leaving, and tenants were serenaded with Spanish songs. The record discloses no show of force by the UFW through a large group approach, but rather nonviolent and orderly organizational activities by small groups. The UFW would leave a doorstep when asked.

Based upon these and similar events, the tenants allege that they have been disturbed and interfered with in the quiet and peaceful possession of their homes and have experienced fear, apprehension, and annoyance. The tenants do not allege trespass. It is argued that substantial and irreparable injury to the privacy of appellants and other tenants of the Yakima Chief Ranch labor camp can be corrected only by enjoining further uninvited group visits by the UFW. Query: Should an injunction issue under these circumstances?

■■ Injunction is an extraordinary and discretionary remedy to be granted upon the circumstances of each case.[1] To be actionable, an intrusion upon one's physical solitude and seclusion must be at least of a degree offensive or objectionable to the average reasonable man.[2] Where there is no substantial intrusion to enjoin, the constitutional right of privacy does not warrant protection.[3] Though each intru-

---

[1] *Goetz v. Russell*, 132 Wash. 339, 343, 232 P. 300 (1925).

[2] *Lewis v. Physicians & Dentists Credit Bureau, Inc.*, 27 Wn.2d 267, 273, 177 P.2d 896 (1947); *Holmes Harbor Water Co. v. Page*, 8 Wn. App. 600, 508 P.2d 628 (1973).

[3] *LeMaine v. Seals*, 47 Wn.2d 259, 267, 287 P.2d 305 (1955).

sion may technically be an invasion of privacy, the courts are not guardians against trivial events.

■ After a lengthy trial, the court found that UFW visits to the Yakima Chief Ranch resulted in no substantial damage or injury to the tenants in the quiet and peaceful enjoyment of their homes. Testimony by the tenants shows no fear, no apprehension, no annoyance, no humiliation. The record fails to support the allegations that their right to be left alone has been substantially abridged. Because there is substantial evidence to support the finding of the court, that finding will not be disturbed on appeal.

Tenants of the labor camp have failed to make a clear showing of necessity for injunctive relief against continuing organizational activities by the UFW. Therefore, the court had no duty to issue the injunction. Absent irreparable injury, there was no abuse of discretion in denial of injunctive relief.[4]

We have reviewed the tenants' remaining assignment of error and find it to be without merit warranting reversal.[5]

The UFW argues on cross-appeal that it was error for the court to deny joinder of persons involved in Yakima Chief Ranch management. It is argued that denial of the joinder motion prevented adjudication of unfair labor practices by management against the UFW.

[4]*Holmes Harbor Water Co. v. Page*, 8 Wn. App. 600, 603, 508 P.2d 628 (1973).

[5]The tenants correctly argue that the trial court was in error when it concluded RCW 49.32.072 deprived the court of injunctive jurisdiction in this labor dispute. In *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 419, 63 P.2d 397 (1936), the court declared RCW 49.32.072 unconstitutional because the superior court is a constitutional creation whose jurisdiction cannot be limited by legislative enactment. The superior court is free to enjoin unlawful invasion of personal rights, whether or not a labor dispute exists. Const. art. 4, § 6; *Pearce v. Pearce*, 37 Wn.2d 918, 921, 226 P.2d 895 (1951); *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 419, 63 P.2d 397 (1936). However, the existence of jurisdiction to enjoin unlawful invasion of personal rights will not change the outcome of this opinion. Though the court does have injunctive jurisdiction, there is still no substantial invasion of personal right for the injunction to operate upon.

When a complete determination of a controversy cannot be had without the presence of other parties, a mandatory duty is imposed upon the court to bring them in. [CR 19] If a complete determination can be had without the presence of other parties, then the right to bring them in is addressed to the sound discretion of the court. [CR 21]

*State ex rel. Continental Cas. Co. v. Superior Court*, 33 Wn.2d 839, 842, 207 P.2d 707 (1949).[6]

■ The complaint in the present case alleges invasion of privacy by the UFW against tenants of the labor camp. This issue can be fully adjudicated between the tenants and the union without joinder of Yakima Chief Ranch management. These tenants have standing to sue in their own behalf for quiet and peaceful enjoyment of their premises, without joinder of the landlord.[7] Because issues before the court could be fully adjudicated without joinder of management, joinder was discretionary. No abuse of discretion is indicated by refusal of the court to entertain additional and unrelated claims dealing with unfair labor practices.

The UFW next assigns error on cross-appeal to the inadequacy of award of their attorney fees incurred in dissolution of the pretrial temporary injunction and resisting issuance of the permanent injunction. Award of attorney fees was sought in a claim against the $1,000 injunction bond posted by the tenants pursuant to statute.[8] The bond proved inadequate to pay the attorney fees.[9] It is the argument of the UFW that if the amount of the bond proves inadequate, there is no good reason why the party causing the damage should not be held responsible for the amount

---

[6] *Mayo v. Jones*, 8 Wn. App. 140, 146, 505 P.2d 157 (1972).

[7] *Wendler v. Woodard*, 93 Wash. 684, 686, 161 P. 1043 (1916).

[8] RCW 7.40.080.

[9] Costs and fees incurred by the UFW in dissolving the temporary injunction and resisting issuance of the permanent injunction are said to exceed $20,000. The court awarded the UFW $593.02 in costs, and $406.98 in attorney fees, for a total of $1,000, the amount of the injunction bond.

of damages in excess of the bond.[10] We cannot agree. ▪ Limitations in the injunction bond must measure the extent and amount of recovery. Recovery in an action on the bond "may be had for the face amount of the bond with interest from the date the action [on the bond] is brought."[11] The philosophy for limiting the recovery in this instance to the face amount of the bond is well stated by Justice Cardozo in *Yonkers v. Federal Sugar Refining Co.*, 221 N.Y. 206, 208-09, 116 N.E. 998 (1917):

> There was no liability at common law for damages resulting from an injunction erroneously granted unless the case was one of malicious prosecution. [Citations omitted.] Sometimes the chancellor made his order conditional upon the plaintiff's undertaking to assume the damages. [Citations omitted.] But without such a condition the defendant had no remedy against the honest and cautious suitor. Public policy was thought to demand that the free pursuit of remedies in the courts should not be obstructed by the menace of liability for innocent mistake.
>
> . . . It is true that the court may increase the amount of an undertaking which is found to be inadequate. [Citations omitted.] A plaintiff then has the opportunity, if he thinks the security excessive, to abandon his injunction. In any case, he counts the cost, and assumes a liability whose maximum is a determinate amount.[12]

[10]*Miller Surfacing Co. v. Bridgers*, 269 S.W. 838, 840 (Tex. Civ. App. 1924); *Cone v. Lubbock*, 431 S.W.2d 639, 646 (Tex. Civ. App. 1968).

[11]*Tacoma v. Sperry & Hutchinson Co.*, 82 Wash. 393, 397, 144 P. 544 (1914); *United Constr. Workers v. H.O. Canfield Co.*, 19 Conn. Supp. 450, 116 A.2d 914 (1955); see Annot., 70 A.L.R. 62 (1931); see also *Cecil v. Dominy*, 69 Wn.2d 289, 293, 418 P.2d 233 (1966).

[12]*See also United Constr. Workers v. H.O. Canfield Co.*, 19 Conn. Supp. 450, 455-56, 116 A.2d 914, 917 (1955), which states in pertinent part:

"It thus appears that in so fixing the amount of the bond, the judge was maintaining the principle of public policy that the right to resort to the courts when exercised in good faith shall be kept free from the menace of unknown and unknowable penalties and such action avoids the temptation otherwise offered to defendants to put forth extravagant claims. In so doing, there is nothing inconsistent with an intention on the part of the legislature to provide for labor unions and their members the widest possible protection against erroneous and improvident injunctions. Necessarily, at the beginning of an action, the amount

Consequently, in this action the only remedy for compensation beyond the face amount of the bond, to persons damaged directly by issuance or resistance of an injunction, would lie in a motion for increase of the injunction bond during trial, should the bond become inadequate. This motion was not made.

Judgment of the Superior Court is affirmed.

GREEN and MUNSON, JJ., concur.

Petitions for rehearing denied August 25 and September 23, 1976.

Review denied by Supreme Court January 25, 1977.

---

of security adequate for a defendant's protection is a matter of estimate. It may be fixed at a sum which the event proves inadequate or excessive. If the security required by the court becomes inadequate while the restraint continues and the litigation proceeds, a defendant has ready to hand the means for his protection by a motion for an increase in the amount of the security."