STANLEY ZUROMSKI *vs.* WALTER LUKASZEK.

JUNE 18, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.  This is an action in assumpsit for the breach of a noncompeting provision in a bill of sale of personal property.  At the close of the evidence, the defendant made two motions.  The first was for a direction of verdict in his favor; and the second, for a directed verdict in favor of the plaintiff for nominal damages.  The trial justice denied the former motion and granted the latter, on the ground that there was no evidence of actual damage.

The case is before us on plaintiff's exception to the second of these rulings, and on one other exception to a ruling on evidence during the trial.

By bill of sale, dated October 3, 1936, the defendant sold to the plaintiff a business which the former had personally carried on for over fifteen years, under the name of the Golden Dollar Cafe, at 449 and 451 High street in the city of Central Falls. This section, which extends into Broad street in that city, is inhabited by persons of Polish descent. The parties in this case are of that descent. The bill of sale contains the following condition: "And said Walter Lukaszek further agrees with said Stanley Zuromski not to engage in similar business within a radius of one mile from the location of this business for the period of one year from this date."

The defendant admits that on January 12, 1937 he began to operate a barroom at 789 Broad street, Central Falls, which is within one half mile of the above-described premises. Both the Golden Dollar Cafe and the barroom were licensed for the sale of intoxicating beverages in accordance with the provisions of general laws 1938, chapter 163, § 3, formerly public laws 1933, chapter 2013.

The principal question in this case is one of damages. The plaintiff claims that the business of the Golden Dollar Cafe suffered material damage as a result of defendant's violation of the contract. He testified that the business at that place was run at a profit until early in 1937, and that thereafter, until he sold the cafe, it was run at a loss. The defendant denies that any act or conduct on his part was the natural and probable cause of any damage to plaintiff's business.

Since the defendant has not prosecuted an exception to the ruling of the trial justice directing a verdict for the plaintiff for nominal damages, he must be held to have breached his contract for the purposes of this case. He sold the plaintiff an established business, and he promised not to engage in a "similar business" within a radius of one

mile thereof for the period of one year from the date of sale. This promise he did not keep.

The trial justice directed the verdict in question because, in his opinion, the plaintiff had failed to produce evidence from which one "could see with reasonable certainty that the defendant's activity in running the barroom was the cause of the loss of the plaintiff's profits . . . ." In our opinion, the trial justice reached this conclusion on the weight of the evidence, which is contrary to our well-established rule governing a motion for a direction of verdict. The weight of the evidence is not before him for consideration on such a motion.

In cases of this character it is often difficult, if not impossible, for a plaintiff to present definite and specific proof of damages. To require such proof would be to deny a remedy for a wrong. If there is sufficient foundation for a rational conclusion, either from direct evidence or by way of reasonable inference therefrom, that the defendant's wrongful act caused injury to the plaintiff's business, then the fact that the latter is unable to prove the damages with accuracy or mathematical certainty will not defeat his right to recover whatever damages the circumstances might reasonably warrant.

A person who has violated his contract cannot escape all liability simply because the injured party cannot prove the precise amount of the damages for which the violator is responsible. The actual damages sustained by an injured party in this type of cases may, and often do, rest upon reasonable inferences to be drawn from the facts, circumstances and data furnished by the evidence. The above-expressed views are amply supported by authority. *Manss-Owens Co.* v. *Owens & Son,* 129 Va. 183; *Bowling* v. *Walls,* 72 W. Va. 638; *Lowrie* v. *Castle,* 225 Mass. 37; *Salinger* v. *Salinger,* 69 N. H. 589; *Capital Garage Co.* v. *Powel,* 98 Vt. 303; *Dethlefs* v. *Tamsen,* 7 Daly (N. Y.) 354. 1 Restatement of Law of Contracts, § 331.

In the instant case, the plaintiff's proof of damages and of the alleged cause thereof may be meager, but it was sufficient for submission to a jury. The defendant on this record admittedly violated his contract. The evidence clearly shows that the plaintiff derived a fair profit from the business of the Golden Dollar Cafe up to the time that the defendant began to operate the barroom. It further clearly appears in evidence that such business was carried on at a loss almost immediately after the defendant's breach of contract, and that this condition continued to exist until the plaintiff sold that business to avoid further loss.

Divergence of trade, with resulting loss of profits, must of necessity frequently rest on reasonable probability. The defendant here had personally carried on an apparently profitable business at the Golden Dollar Cafe for nearly fifteen years. It is fair to assume that during all that time he became acquainted with many persons, some of whom would be inclined to follow him if he sold the cafe and then opened a similar business within a reasonable distance of that place. Whether such a situation resulted in the instant case by defendant running a barroom on Broad street, less than one half mile away from his original place of business, is a matter of reasonable inference to be determined by a jury.

In the circumstances, it was for the jury to determine in the first instance, under proper instructions, whether defendant's breach of contract had in fact injured the plaintiff's business, and further, what damages, if any, the plaintiff should receive if such breach was the natural and probable cause of injury to his business. The plaintiff's exception to the direction of a verdict for him for nominal damages only is therefore sustained.

The plaintiff's other exception relates to the exclusion of his question in cross-examination respecting what profit the defendant made at the cafe "a month or so before he sold the business" to the plaintiff. The question should have been allowed, for it was a circumstance that might reasonably

have a bearing upon the issues in the case. This exception is sustained.

All of the plaintiff's exceptions are sustained, and the case is remitted to the superior court for a new trial.

*Robert Brown,* for plaintiff.

*Zygmunt J. Czubak,* for defendant.