**STANDARD MACHINERY CO. et al.**

v.

**DUNCAN SHAW CORP. et al.**

**No. 4722.**

United States Court of Appeals First Circuit.

Nov. 16, 1953.

Henry M. Leen, Boston, Mass. (Thomas E. Goode and Burns, Blake & Rich, Boston, Mass., on brief), for appellants.

William H. Edwards, Providence, R. I. (John L. Clark and Edwards & Angell, Providence, R. I., on brief), for appellees.

Before MAGRUDER, Chief Judge, WOODBURY, Circuit Judge, and WYZANSKI, District Judge.

WOODBURY, Circuit Judge.

On the previous appeal in this case reported in 1 Cir., 1952, 196 F.2d 147, to

which reference may be had for the facts, we disagreed with the District Court and held that Rhode Island law did not prevent the plaintiffs from recovering on the contract on which they had brought suit. We therefore remanded the case for further proceedings consistent with our opinion. Pursuant to that mandate the District Court held several informal hearings, at which counsel were heard orally and briefs were submitted but no new evidence was introduced, and following those proceedings, without making any further findings of fact, or adding to its original opinion, it entered the judgment from which the present appeal is taken awarding the plaintiff Duncan Shaw Corporation damages of $37,-855.84 against the defendant Standard Machinery Company; awarding the plaintiff Shaw Standard Corporation damages of $46,942.17 against the same defendant, and awarding the latter plaintiff damages of $5,000 against the individual defendant, Robert F. Moyer; each award carrying interest and costs.

The defendants-appellants concede that the law and the evidence warranted the District Court in awarding damages against Standard Machinery Company in favor of Duncan Shaw Corporation to the extent of $12,855.84 and in favor of Shaw Standard Corporation to the extent of $21,942.17, or damages in the gross amount of $34,798.01, that being the sum of the expenses reasonably incurred by each plaintiff in the performance of the contract as found by the court below in its original opinion. Their contention is that any award of damages against Standard Machinery Company in excess of the gross amount stated above is not warranted, and furthermore that there is no warrant for assessing any damages at all against Moyer.

Naturally evidence of the plaintiffs' damages was introduced at the trial. This included evidence of the plaintiffs' expenses of performance, and also evidence from which it could reasonably be found that each corporate plaintiff had lost a net profit substantially in excess of $25,000 as a result of the breach. But the District Court in its first and only opinion in this case had no occasion to consider the issue of damages in any detail because it was of the view that the plaintiffs were barred from recovery by the law of Rhode Island. It did, however, in addition to finding the amount of the plaintiffs' expenses reasonably incurred in performing their part of the contract, to which we have already alluded, take occasion to say that were it not for its view that Rhode Island law prevented any recovery, its findings of facts would lead it to award substantial damages to the plaintiffs.

Although we have only the judgment itself to go on, it seems obvious that as a result of the hearings held in response to our mandate the court below affirmed its original finding as to the reasonable expenses incurred by each plaintiff in preparing to perform the contract; that it allocated those expenses between the plaintiffs in the amounts set out above, and we may assume with the corporate appellant that the court then added the amount of $25,000 to each award of expenses in order to compensate each plaintiff for its loss of profits.[1] But on this assumption it is clear that the court below did not accord face value to the plaintiffs' evidence of lost profits substantially in excess of $25,000 for it is apparent that only that amount was added to the expenses of performance which it found were reasonably incurred by each plaintiff.

It is difficult to see the logical basis for allowing a plaintiff's reasonable expenses of preparations for performance as an element of damages for breach of contract. Nevertheless, it is well settled, as the defendants-appellants con-

1. The appellees suggest that the $25,000 item of damages may have been awarded by the District Court to each appellee as compensation for destruction of its business. This may be so, but since it is *just as probable that the item was added for lost profits we shall decide this case on the corporate appellant's assumption to that effect.*

cede, that such expenses are generally recognized to be an element of damages in actions of assumpsit. 5 Williston, Contracts (Rev.Ed.) § 1363A. Thus, on the corporate appellant's assumption that the $25,000 item added by the District Court to each plaintiff-appellee's expenses of performance was added as compensation for lost profits, the problem on this appeal, so far as it is concerned, narrows down to whether lost net profits may be considered an element of the plaintiffs' damages.

Appellants' counsel contend that lost net profits cannot be taken into account in assessing the plaintiffs' damages for the reason that the contract launched the parties to it on a new business undertaking, and they say that it is an established rule of law that profits from such a venture are always so uncertain that they can never be recovered in a civil action sounding in contract. We do not agree.

■■■ Perhaps some authority exists for the proposition that as a matter of law there can be no recovery in a civil action for breach of contract for loss of anticipated profits from a new business undertaking. But the corporate appellant concedes that there is no direct authority for that proposition in Rhode Island, and the indirect authorities from that state upon which it relies have far too little pertinence to warrant our drawing the conclusion that it has been adopted by the Supreme Court of Rhode Island. Thus we are free to resort to general principles and authority elsewhere, and on that basis we conclude that the rigid rule of law contended for by the appellant, Standard Machinery Company, is too broad a generalization from the basic principle that there can be no recovery for remote and speculative profits. Certainly no authority need be cited for the broad proposition that prospective profits, if proved, are an element of a plaintiff's damages for breach of contract, or for the further proposition that evidence of past profits from an established business provides a reasonable basis for estimating future profits from the business. On the other hand, however, it may well be that estimates of the future profits of a business which has just been started, or one which has only recently been launched, are likely to be much too speculative to afford an adequate basis for an award of damages. See 5 Williston, Contracts (Rev.Ed.) § 1346A, paragraph 2 footnote 3 appended to that section, appearing on page 3782. But we do not think the latter proposition is necessarily always true. Thus as we see it a sharp line of distinction should not be drawn between old and new businesses, but recourse should be had in both situations to the basic question whether a prospective loss of net profits has been shown with reasonable certainty. See Am.Law Inst., Restatement, Contracts, § 221(1), and Comment d., Illustration 6, thereunder; Burks v. Sinclair Refining Co., 3 Cir., 1950, 183 F.2d 239. We think the evidence here is adequate to show a reasonable certainty of lost net profits from the joint venture undertaken by the three corporations.

Certainly all three parties to the contract embarked on their enterprise in the expectation of profits for all concerned. In this situation it hardly lies in the mouth of one of them, the defendant-appellant Standard Machinery Company, to say that there is no sufficient evidence of profits to support a finding. See Burks v. Sinclair Refining Co., supra, footnote 1. And this is emphasized by the evidence that Moyer acting for Standard, in breach, it is said, of his fiduciary duty as a director of Shaw Standard, secretly offered to sell the entire hardware project to competitive interests for $100,000, which he testified was an "attractive proposal" which could not be duplicated for $30,000 above that figure.

Furthermore, although the venture was in a sense a new one in that the parties contemplated manufacturing locks and other builders' hardware by stamping out the component parts instead of

casting the parts and filing them to fit as had been the old method of manufacture, nevertheless Duncan Shaw, the prime mover in the corporation which carried his name, was an old hand at the builders' hardware business, having been associated in high executive positions for some twenty-five years with several long established firms in that field, and the defendant Standard Machinery Company had been engaged in the business of stamping out small metal parts for a substantial period of years.

In our opinion the foregoing circumstances are enough without more to warrant a finding of some loss of profits by the plaintiffs as a result of the corporate defendant's breach of contract. This being so, proof of the actual amount of the profits lost by each plaintiff is not essential, for, as the Supreme Court of Rhode Island said in Zuromski v. Lukaszek, 1941, 67 R.I. 66, 20 A.2d 685, 686:

> "A person who has violated his contract cannot escape all liability simply because the injured party cannot prove the precise amount of the damages for which the violator is responsible. The actual damages sustained by an injured party in this type of cases may, and often do, rest upon reasonable inferences to be drawn from the facts, circumstances and data furnished by the evidence. The above-expressed views are amply supported by authority."

Thus Standard has no valid basis for complaint about an award for lost net profits of $25,000 to each plaintiff. The award being well within the limits allowed by the evidence, that appellant can not be heard to complain of the lack of any specific evidence pinpointing each plaintiff's lost profits at exactly $25,000. The court below may well have taken the plaintiffs' evidence of over $100,000 of lost profits each with a grain or two of salt and trimmed down what it thought a too rosy estimate to an amount which it considered fairly compensatory.

The personal liability of the individual defendant, Moyer, remains for consideration. He was charged with, and found liable for, breach of his fiduciary duty as a director of the intermediary corporation, Shaw Standard, and the extent of his liability was fixed at $5,000. We do not know how that figure was arrived at. We must of necessity, therefore, turn to the general principals governing the assessment of damages against a fiduciary for breach of his trust to see if any basis can be found for assessing damages of $5,000 against Moyer.

It is fundamental that damages may be assessed in favor of a beneficiary against a defaulting trustee either to compensate the beneficiary for such loss as he may have sustained as a result of the breach of trust, or to prevent the faithless trustee from unjustly enriching himself as a result of his breach of fiduciary duty. Am.Law Inst., Restatement, Trusts, § 205; Scott, Trusts, § 205. We are not here concerned with compensatory damages to Shaw Standard. We must assume that is has already been fully compensated by the damages awarded to it from Standard Machinery Company for whatever losses it may have sustained by reason of the latter corporation's breach of contract, which it is asserted Moyer brought about in breach of his fiduciary duty as a director of Shaw Standard. The only question, therefore, is whether Moyer unjustly enriched himself, and if he did to what extent, from his breach of fiduciary duty to Shaw Standard.

The District Court did not make any finding as to how much Moyer actually profited personally by his breach of trust. It found that Moyer as a substantial stockholder in Standard stood to profit from the liquidation of the latter corporation, which it was alleged and found he engineered in order to break the contract in breach of his fiduciary duty. But it was not found, nor could it be found on the evidence produced, that Standard ever was actually liquidated with a consequent profit in any amount whatever to Moyer. In this state

of the proof the judgment against Moyer cannot stand.

The judgment of the District Court is affirmed in part and set aside in part and the case is remanded to that court for the entry of a judgment in conformity with this opinion; no costs on appeal.