**ALABAMA MILLS et al., Plaintiffs,**

v.

**James P. MITCHELL, Secretary of Labor, et al., Defendants.**

Civ. A. No. 614–53.

United States District Court
District of Columbia.
March 10, 1958.

Llewellyn C. Thomas, Washington, D. C., for plaintiffs.

Arthur H. Fribourg, Dept. of Justice, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

The owners of a number of cotton mills brought actions against the Secretary of Labor to restrain him from enforcing an order made by him under the Walsh-Healey Act, 41 U.S.C.A. § 35, by which he fixed the prevailing rate of wages to be paid to persons employed on Government contracts by the plaintiffs and others in the same position as the plaintiffs. A preliminary injunction against the enforcement of the order was granted in each case and an injunction bond in the usual form

was posted. Eventually the actions resulted in an adjudication that the order of the Secretary of Labor was valid. Accordingly, the injunction was dissolved. The cases are now before the Court on motions by the Secretary of Labor to assess and enforce the liability of plaintiffs and their sureties.

■ There is no doubt, of course, that in accordance with the usual procedure, a motion to assess damages on an injunction bond should ordinarily be granted after there is a final adjudication on the merits in favor of the person who has been restrained by the injunction. Such a proceeding is ancillary to the main action, and is determined as a part of it without a right to a jury trial. The usual procedure in this Court is to refer such a matter either to the Auditor of the Court or to a special master.

■■ It is claimed by the defendant, however, that the amount of recovery should not be limited by the amounts of the bonds, but that the defendant should receive the full amount of the underpayments of wages paid by the plaintiffs in connection with the contracts covered by the order. The Court is of the opinion that all that can be done in this summary proceeding is to assess damages on the bonds, and that the total damages to be awarded should be restricted by the amounts of the bonds. It is well established that damages caused by an injunction erroneously granted can be assessed on the injunction bond, but that in such event the damages may not exceed the amount of the injunction bond. United Motors Service v. Tropic-Aire, Inc., 57 F.2d 479, decided by the 8th Circuit, in which Judge Kenyon wrote the opinion.

The Government relies on the decision of the Supreme Court in Arkadelphia Milling Co. v. St. Louis Southwestern Railway Co., 249 U.S. 134, 39 S.Ct. 237, 63 L.Ed. 517. That case, however, is distinguishable. It did not present an attempt to assess damages on an injunction bond. It involved restitution of overcharges that had been exacted by a railroad from shippers pursuant to a freight rate that was later held invalid. The United Motors Service case to which reference has just been made distinguished the Arkadelphia case on this ground, and pointed to the differentiation in principle between an assessment of damages caused by an injunction and the ordering of restitution.

■ Moreover, the Walsh-Healey Act provides a remedy. It permits the United States to maintain an action for liquidated damages in the sum of $10 a day for each person employed in the performance of a contract, and in addition thereto for any underpayment of wages due to any such employee. Under modern procedure such claims could probably have been asserted as counterclaims in the pending actions. No attempt to interpose such counterclaims was made, however. The issues are made by the pleadings. The right to recover any underpayments of wages is not raised by them. It would be contrary to orderly procedure for the Court to take upon itself to direct the plaintiffs to reimburse the Secretary of Labor for the underpayments of wages involved in this action over and above the amount of the injunction bonds, since the pleadings do not present such a matter for determination.

■ The Court is of the opinion that the remedy provided by the Walsh-Healey Act is exclusive except for the fact that there is naturally a right to assess damages on the injunction bonds. Accordingly the Court will grant the defendants' motions only to the extent of assessing damages on the injunction bonds.

■ In view of the amount involved, the number of bonds, as well as the defenses raised, the Court is of the opinion that it would be desirable to refer the matter to a special master rather than to the Auditor. You may submit orders accordingly.