**ASBELL BROS., INC., a corporation, Appellant (Defendant below),**

v.

**NASH–DAVIS MACHINERY COMPANY, a corporation, Appellee (Plaintiff below).**

No. 3124.

Supreme Court of Wyoming.
May 27, 1963.

G. L. Spence and Norman V. Johnson, of Spence, Hill, Oeland & Tschirgi, Riverton, for appellant.

J. D. Fitzstephens, Cody, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The question raised on appeal in this case by appellant, Asbell Bros., Inc., relates to the measure of damages.

Nash-Davis Machinery Company, the appellee, sold new construction equipment to Asbell, taking in used machinery. An arrangement was made for Asbell to complete the job it was on with the old equipment, after which such equipment was to be delivered to Nash-Davis. The purchase contract provided:

> "Used machines to be delivered to Thermopolis in same condition as when inspected Mar 9, [19]61. Tires to be newly recapped with full caps if worn more than 50% tread height & sections installed in cuts to cords"

As far as the written contract is concerned, it is apparent from the foregoing provision that it contemplated delivery of the used machines with the identical tires which were on the machines March 9, 1961, and with the obligation on Asbell to recap, with new and full caps, all of the tires so worn at time of delivery that less than 50 percent of the tread height remained.

It is not disputed in the evidence that all tires on the old machines when the deal was made were 22-ply or better tires, some being 28 ply and some 34 ply. When delivery was made, ten of the tires had been replaced. Three were replaced with used tires of 22 ply or more and with at least 50-percent tread being left. The other seven were replaced with 16-ply new tires. This was not detected at the time of delivery because the ply markings had been buffed off.

Later, upon failure of one of the new tires, it was discovered that the new tires were 16 ply. Action was subsequently brought by Nash-Davis for damages.

Although we find nothing in the record to indicate any change in the written contract, as far as tires are concerned, it is noted that Donald O. Nash, an officer of Nash-Davis, testified to the effect a substitution of tires was acceptable and Asbell would have the liberty of purchasing tires with 50-percent tread wear and placing them on the machines. Also, he said full recaps were acceptable.

On that basis of acceptability, defendant-Asbell contends the court should have awarded damages on the price of 50-percent tread 22-ply tires, with credit for the value of the new 16-ply tires. Instead the court

found to the effect that, in the absence of Asbell's having replaced the tires with acceptable 50-percent tread 22-ply tires prior to delivery, it was obligated for newly recapped tires with 22 ply or more.

The evidence disclosed, as appellant agrees, that the cost and market value of such recapped tires was $900 each; also that the price paid for the new 16-ply tires was $625 each. Taking seven times $900 (or $6,300) as the amount of defendant's obligation and seven times $625 (or $4,375) as the amount of credit defendant was entitled to for the 16-ply tires, the court entered judgment for the difference.

Appellant claims, however, the court should have accepted $400 as the value of a used 22-ply tire with 50-percent tread, and that this figure should have been used in the assessment of damages instead of the $900 figure used by the court. On that basis, defendant's obligation would have been $2,800 and its credit $4,375, which means there would have been no damages.

Without deciding the value of a used 22-ply tire with 50-percent tread, we find, as the trial court found, that Asbell's obligation was to deliver newly recapped tires and that Nash-Davis is entitled to damages based upon the value of such recapped tires.

Appellant has failed to show us any change in the purchase contract, and the contract specifically called for the delivery of newly recapped tires when 50-percent tread tires were not delivered. The testimony of Nash to the effect 50-percent tread tires would have been acceptable cannot be construed as an altering of the contract. It simply meant Nash-Davis would have accepted the used tires, *if they had been delivered*. It did not obligate Nash-Davis to find such used tires nor to measure its damages on the basis of any supposed value of used tires.

But aside from the requirements of the contract, the evidence discloses that Nash-Davis made ample demand upon Asbell; afforded it reasonable opportunity to deliver 50-percent tread used tires; and in addition made efforts itself to find used tires, all without success. Nash testified he talked to the Asbells, once in their office and once by telephone, and asked for replacement of the tires in question and that he was referred to Harry Miller of C & C Tire Company in Denver. Several conversations were had with Miller.

According to Nash, Miller located only two tires, both of which were junk and of no value. Nash then made continued efforts to get tires that would comply with the contract standard. Representatives of General Tire Co. made various calls for Nash-Davis to Denver, Salt Lake City, and Kansas City, in an effort to locate used tires; and the Goodyear Tire people made similar calls to Seattle, Spokane and Denver. Only one used tire in Denver could be acquired.

It is of course well established that one who is injured by the wrongful act of another must exercise reasonable care and diligence to avoid loss or to minimize the resulting damage. See Thayer **v.** Smith, Wyo., 357 P.2d 1115, 1119; Bader **v.** Mills & Baker Co., 28 Wyo. 191, 201 P. 1012, 1014; 25 C.J.S. Damages § 33, p. 499; and 15 Am.Jur., Damages, § 27, p. 420.

However, the question as to whether a plaintiff has exercised reasonable care and diligence to avoid loss or to minimize the damage is clearly one of fact for the trier of fact. In our second and recent opinion in Thayer v. Smith, Wyo., 380 P.2d 852 (April 1963), we said it is well to remember the trial court has considerable discretion as to matters to be considered in mitigation of damages.

It should also be remembered, as expressed in 25 C.J.S. Damages § 34, pp. 504–505, the party injured is only required to act reasonably, and where the party whose duty it is primarily to perform a contract has equal opportunity for performance and equal knowledge of the consequences of nonperformance, he cannot be heard to say plaintiff might have performed for him.

Hence, in the case at bar, we need only point out that the testimony referred to above would justify a finding that demand was made upon Asbell for tire replacements; that Asbell had an equal opportunity for performance, with full knowledge of the consequences of nonperformance; and that in addition thereto Nash-Davis did all that reasonably could be expected of it to find and acquire proper replacement tires, in order to minimize the damage.

We cannot hold as a matter of law that more was required of plaintiff. The court was entitled to believe the evidence favorable to plaintiff's claim that it exercised reasonable care and diligence to minimize the damage. The judgment must therefore be affirmed.

Affirmed.