PER CURIAM.
This appeal by James H. Price and James H. Price & Co., Inc. is from a judgment determining claims of Voyle C. Johnson and Mary Howland to certain shares of the common stock of Airlift International, Inc. This appeal is one of several in this court which concerns various aspects of an action for declaratory judgment instituted by Airlift International, Inc. against James H. Price, A. J. Rome and others, to determine ownership of 1,704,274 shares of Airlift common stock.
In the comprehensive declaratory judgment entered by the trial court the holding with reference to the claim of Voyle C. Johnson was set out in paragraph No. 18 of the judgment as follows:
“The claim of Voyle C. Johnson as set forth in his cross claim, counterclaim and third party complaint and the amendment thereto, to the return of 440,700 shares from James H. Price and/or James H. Price & Co., Inc., has been *213 proven by a preponderance of the evidence and he is entitled to a distribution by the Receiver of the said shares. The court has heretofore by separate Order released to Voyle C. Johnson 200,000 shares of Airlift International, Inc., stock upon the condition that the 240,700 shares remaining would stand as security in the hands of the Receiver until payment to the Receiver of the sum acknowledged by Voyle C. Johnson as due and owing by him to James H. Price and/or James H. Price & Co., Inc., as hereinafter set forth.”
With reference to the claim of Mary Howland, the judgment, in paragraph No. 22, provided as follows:
“Mary Howland has proven her claim of 43,000 shares of Airlift International, Inc., by a preponderance of the evidence and the Receiver is hereby directed to deliver the said shares to her 35,000 of which shares were purchased at forty-one (41) cents and an acknowledged loan in the sum of $7,673.20 upon the payment by her to the Receiver of the sum of $22,023.20.”
Regarding the Johnson stock, no material question is presented as to 200,000 of the 440.700 shares of Airlift stock to which Johnson was held to be entitled, since those shares had been purchased by Johnson through the appellants out of the 1,000,000 shares referred to as the Hewitt block. However, appellants argue that it was error to order transfer of the remaining 240.700 shares, which were shown to have been pledged by Johnson to appellant, contending that when the certificates thus pledged were diverted by appellants to their own purposes, there was a conversion thereof, for which recovery by Johnson was limited to damages, equal to the value thereof at time of conversion.
Johnson contends, and correctly so, that the brokers were required to return like stock, although not the same shares or certificates of such shares which were pledged, citing numerous authorities, including Henderson v. Usher, 125 Fla. 709, 170 So. 846; Gorman v. Littlefield, 229 U. S. 19, 33 S.Ct. 690, 57 L.Ed. 1047; Sexton v. Kessler & Co., 225 U.S. 90, 32 S.Ct. 657, 56 L.Ed. 995; Lavien v. Norman, 1 Cir. 1932, 55 F.2d 91.
The holding of the trial court that Johnson was entitled to receive 440,700 shares of Airlift stock held by appellants (through the receiver), is supported by competent substantial evidence. The record reveals admissions by Price and his counsel that appellants are holding 440,700 shares of the stock for Johnson and that he is entitled to receive that number of shares from the appellants. Moreover, the court was correct in rejecting appellants’ contention, that the stock pledged by Johnson was converted, where it was shown that Johnson had pledged it under a contract by which Price was authorized to repledge or otherwise use the shares as he chose.
Regarding the Howland stock, the appellant challenges the trial court’s holding as to 35,000 shares. The issue there was whether or not Howland had purchased the same, or, more accurately stated, whether Price (as her broker) had made the purchase thereof for her. The parties were family friends. Through Price, Mary Howland and her mother had purchased and sold stock and had acquired a substantial number of shares of Airlift stock. While the evidence was not without conflict, Mary Howland testified that Price approached her regarding purchase of Airlift stock on her own account in the fall of 1964, and showed her the prospectus on the Hewitt block of stock; that she left it up to Price to purchase for her the amount he felt she could handle; that later, prior to an annual meeting, she was sent certain proxies to sign covering shares previously purchased, and 35,000 shares which until that time she did not know had been purchased for her. She further testified that because she intended to be present at the meeting she disposed of the proxies, and that later Price telephoned her *214 requesting that she not attend but send in the proxies. New proxy forms were submitted which she signed and returned. On that testimony by Howland, which the trial court could accept, the holding that she was the owner of and entitled to receive the 35,000 shares- upon payment of the cost thereof, should be sustained. Moreover, here, as in the case of the Johnson claim, evidence discloses statements and admissions made on occasions by Price confirming the purchase of such 35,000 shares by or for Howland.
No reversible error having been made to appear, the portions of the judgment which are challenged on this appeal are affirmed.