SWANN, Judge.
These appeals by Voyle C. Johnson and Mary Howland have been consolidated for appellate purposes. Appellees are James H. Price & Co., a dissolved Florida corporation, and James H. Price, individually and at last director and statutory trustee of the assets of James H. Price & Co., Inc., hereinafter referred to as Price. These consolidated appeals arise from the following facts gleaned from the record on appeal.
In the original suit Johnson and How-land recovered a judgment against Price which found that they were entitled to receive certain shares of Airlift International stock then held by Price. Price appealed from that judgment and obtained a stay of its execution by posting supersedeas bonds as principal with Resolute Insurance Company as surety. The supersedeas bond posted for Johnson on the appeal was for $41,000 and was $7,000 for Howland.
The supersedeas bonds in pertinent part provided:

“* * * if the said principal shall pay the costs of this action * * * and depreciation of any property involved in the event said appeal is dismissed or the said judgment or order is affirmed, then this obligation shall be null and void; otherwise to remain in full force, effect and virtue. * * *”

The prior appeal by Price from the original judgment was affirmed. Price v. Johnson, Fla.App.1969, 222 So.2d 212. Upon remand the stock certificates in Airlift were delivered to Johnson and How-land but the stock apparently had dropped in value from 7y% on the date of the original judgment to on the date of their delivery.
On October 21, 1969, Johnson and How-land moved, in the original suit, to require the surety Resolute Insurance Company to show cause why a judgment should not be entered against it for the face amount of the supersedeas bonds. Rule 5.11, F.A.R., 32 F.S.A. No liability or judgment was prayed for by Howland and Johnson against the principal Price in the proceedings to fix liability on the supersedeas bonds.
On December 23, 1969 Johnson and Howland filed in the original suit their amended claims against Price seeking a judgment for damages allegedly sustained by them “by reason of the unsuccessful appeal taken by Price.” No relief or judgment was prayed for in the amended claims against Resolute, the surety, and it was not made or designated as a party defendant in that action. Price moved to dismiss on the ground that the amended claims failed to state a cause of action. The trial court granted the motion to dis *765 miss with prejudice on January 13, 1970, but ruled that Johnson and Howland “are not precluded from filing whatever claim they might have in an independent action against Price.” On. January 29, 1970, this interlocutory appeal was taken from that order.
On February 4, 1970, the trial court entered final judgments as requested by Johnson and Howland in their motions of October 21, 1969 solely against the'suréty, Resolute Insurance Company. The final judgment for Johnson was for the face amount of the bonds, i.e., $41,000 and $7,-000 for Howland.
The final judgments entered against the surety Resolute after this interlocutory appeal was taken by the appellants were included in the record on appeal. We do not consider them necessary or proper as we take judicial notice that the surety, Resolute, has appealed from those final judgments and the consolidated appeals are presently pending in this court. We, therefore, pretermit any opinion or decision concerning the validity of the final judgments entered against the surety, Resolute, on February 4, 1970.
Depreciation in the value of stock pending an appeal has been held to be recoverable as an element of damage in an action against a surety on the supersedeas bond. Gore v. News-Journal Corporation, 146 Fla. 552, 1 So.2d 559 (1941); and All Florida Surety Company v. Vann, Fla. App.1961, 128 So.2d 768.
The amended claims herein were not actions against a surety on a superse-deas bond to recover damages for depreciation of stock during an appeal, however. They contained no allegations referring to a breach of the terms of the supersedeas bonds or any prayer for a judgment against Price as principal on the bonds. Howland and Johnson had previously moved to impose liability under the terms of the bonds as fixed by the contract of the surety, Resolute, and had not sought any relief against the principal Price in that proceeding. The gravamen of the amended claims in this separate proceeding was that Johnson and Howland had suffered damages as a result of an unsuccessful appeal and the posting of supersedeas bonds by Price from the original judgment of distribution because the Airlift stock dropped in value from 7)4 to 3)4 during the pendency of the appeal.
The allegation that Price “wrongfully withheld or caused to be withheld” from Johnson and Howland their shares of stock “by unsuccessful appellate proceedings and the posting of successive supersedeas bonds (thereby causing the distribution order in the judgment to be stayed)” does not sufficiently plead a cause of action ex delicto or ex contractu in our opinion.
The cause of action alleged against Price in the amended claims was apparently an attempt to allege that he breached some legal duty which he owed to Johnson and Howland by taking an unsuccessful appeal and obtaining and posting the supersedeas bonds. The right to take an appeal has been said to be an absolute right. Crownover v. Shannon, Fla.1964, 170 So.2d 299. The right to apply for and receive a super-sedeas bond is provided by law and there was no proper or sufficient allegations of a breach of any legal duty owed by Price to Howland and Johnson by the allegation of taking an unsuccessful appeal or obtaining and posting the supersedeas bonds. See Rule 5.9, F.A.R.
There were no allegations that there was any fraud involved in the unsuccessful appeal by Price, or that there was a wrongful injunction and bond maliciously obtained by Price which would give rise to a cause of action, or that there was any breach of any statutory duty or bond. Cf. Kane v. Mendenhall, 5 Cal.2d 749, 56 P.2d 498 (1936); and Miller Surfacing Company v. Bridgers, Tex.Civ.App.1924, 269 S.W. 838.
The allegations in these amended claims do not contain ultimate facts showing that Howland and Johnson were entitled to the relief from Price for which they prayed.
*766 We agree that under these allegations a cause of action was not stated against Price in the amended claims which alleged basically that he took an unsuccessful appeal and posted supersedeas bonds.
Lastly, the appellants claim reversible error by the trial court ruling that Johnson and Howland “are not precluded from filing whatever claim they might have in an independent action against” Price.
At the time of such ruling, the appellants had already moved according to the record on appeal and prayed for relief and judgment on the supersedeas bonds solely against Resolute, the surety. Afterwards, they filed these amended claims against Price which seem to sound in tort, or as an ex delicto action. If the appellants have a valid tort claim against Price, they should not be prevented from filing it in an independent action. If they have an action, ex delicto, which can be properly plead against Price it should not be the original suit which was commenced in order to determine certain stock ownership. If they have a valid action, ex contractu, against Price they never attempted to allege it or requested permission to amend their pleadings in this suit. As previously stated, they have never sought to recover against Price under or on a breach of a contract, to-wit, the supersedeas bonds.
We see no reversible error by the trial judge in not precluding the appellants from filing “whatever claims they might have in an independent action” under these circumstances.
Affirmed.