[No. 36634.  Department One.  July 3, 1963.]

EARL HANSON, *Respondent,* v. WARREN K. HANLY *et al.,*
*Appellants.**

*Atwell, Moore, Walstead & Hallowell,* for appellants.

*McLean, Klingberg, Houston & Bergman* and *Jerry A.
Houston,* for respondent.

HUNTER, J.—This is an appeal from a judgment enjoining
the asserted violation of a restrictive covenant in a dedi-
catory plat by restraining the defendants from using the
premises for certain purposes and requiring the removal
of a certain barn-like structure allegedly erected in viola-
tion of a prohibition in the covenant against such structures.

* Reported in 383 P. (2d) 494.

The plaintiff (respondent) is the owner of the east half of Lot 14, Block 5, Plat of Hillside Acres No. 1, in Cowlitz County. The defendants (appellants), Warren K. Hanly and his wife, are the contract purchasers in possession of the adjoining Lot 15, and the defendants (additional respondents), Arthur W. Rice and his wife, are the contract sellers and record title owners of said Lot 15.

The restrictive covenant in question, which was filed with the plat, provided:

*"Subdivision 2. Use of Land*

"The lots in the suburban residential district, except as hereinafter provided, shall be used for suburban residential and agricultural purposes only, and no building of any kind whatsoever shall be erected or maintained thereon except private dwelling-houses, flats, apartments, family hotels, and private garages for the sole use of the respective owners or occupants of the plots upon which such garages are erected and such other outbuildings as are customarily appurtenant to suburban residences."

At the time the Hanlys acquired the property, a large two-story chicken house, which had been there since 1942, was located on the premises. It had subsequently burned down. Thereafter, the Hanlys commenced, on the same foundation, the construction of a large barn-like structure 36 feet wide, 60 feet long and 18 feet high, with approximately 16 feet of the width consisting of a shed which extended beyond the chicken house foundation.

Shortly after the defendants commenced this construction, the plaintiff orally informed Mr. Hanly that he thought buildings of this sort could not be built in the area. Prior to the completion of the building, the plaintiff also communicated by letter to the Hanlys his objection to it, advising them it was being constructed in violation of the restrictive covenant of the plat. The defendants disregarded this notice and finished the building.

The Hanlys, who are engaged in the business of marine construction and salvage, stored machinery, auto engines, boat hulls, large timbers, poles and logs on the lot and in the structure.

The trial court found (1) that this use of the premises was in violation of the restrictive covenant as to' uses for other than agricultural and suburban purposes and (2) that the structure was not similar to those customarily appurtenant to suburban residences. Judgment was entered on February 16, 1962, permanently enjoining the Hanlys and Rices from using the premises for any purpose other than residential or agricultural and from conducting or carrying on any business or commercial ventures upon the premises and ordering the Hanlys to remove "all old boats, all junk cars, all machinery, all auto engines, all large timbers, poles, logs and junk situated thereon and to remove the barn-like structure placed on the premises . . . not later than July 1, 1962."

The Hanlys only have appealed and they will be referred to hereafter as the defendants.

The defendants do not attack the findings of the trial court but contend that the facts, as stated in the following findings, do not constitute a violation of the restrictive covenant:

"IV  That the defendants, Warren E. [sic] Hanly and Marian Hanly, have constructed upon Lot 15, Block 5, of Hillside Acres No. 1, a barn-like structure 36 feet wide and 60 feet long; that said structure was constructed on a foundation upon which was located a chicken house which had burned down.

"V  That the defendants, Warren E. [sic] Hanly and Marian Hanly, are using said Lot 15, Block 5, Plat of Hillside Acres No. 1, in addition to the location of the barn-like structure for the storage of old boats, old cars, machinery, auto engines, boat hulls, large timbers, poles, logs and all sorts of junk generally.

"VI  That the use of said lot for location of the barn-like structure and the storage of items heretofore enumerated, by the defendants, Warren E. [sic] Hanly and Marian Hanly, creates the appearance of the operation of an active commercial enterprise and is of convenience to the said defendants in the operation of their salvage business."

The defendants argue that findings of fact Nos. IV and V merely state that a certain structure was placed on the property and that various chattels were stored therein;

that finding of fact No. VI merely states that the use of the property creates an appearance of the operation of an active commercial enterprise; and that an *appearance* of commercial use does not constitute an *actual* commercial use, which would be a violation of the restrictive covenant.

We do not place this interpretation upon the meaning of these findings. By referring to the court's memorandum opinion, doubts as to the meaning of its findings are dispelled:

"The question before us here is not an involved and complex question of law, but simply this: Has the use of his land by the defendant been within the limits of the restrictive covenants, and is the outbuilding shown on Exhibits 1 and 4 such as is customarily appurtenant to suburban residences?

"It is clear to the court that the use of this lot for storing old boats, old cars and all sorts of junk generally, as has been done in the past, definitely is a violation of the restrictive covenants, and such use shall be enjoined.

"In the matter of buildings, unless it be a garage, for the sole use of the owner, or an outbuilding customarily appurtenant to suburban residences, it would be in violation of the restrictive covenants of the plat.

" . . .

"This lot and appurtenances now have all the appearance of an active commercial enterprise, and is undoubtedly a convenience to the defendant in the operation of his salvage business, and this court is sympathetic to giving business of any kind all the encouragement possible. The only thing here is that his neighbors are against it; the dedicators of the plat were against it; the covenants are against it; and the law is against it; and the court has an obligation to uphold the law and must necessarily enjoin it.

"The facts are that by no stretch of the imagination could one say that Lot 15 was being used for agricultural or suburban residence purpose."

Reading the findings and memorandum opinion together, the trial court has found (1) that the use of the property was not for suburban and residential purposes because it was used for the storing of old boats, old cars, and all sorts of junk, had the appearance of a commercial enterprise, and was used for the convenience to the defendants in the

operation of their salvage business; and (2) that the large barn-like structure was not an outbuilding customarily appurtenant to suburban residences. These findings of the trial court place the defendants in violation of the covenant (1) as to use of the premises and (2) as to type of structures permitted thereon.

The defendants contend, however, that assuming the use of the premises was in violation of the covenant, the mandatory injunction for removal of the structure would not be justified in the absence of a showing that it could not be used for an agricultural purpose, as implied from the covenant restriction.

The defendants confuse the restriction as to use with the restriction relating to the building and maintaining of certain structures. The trial court found this large, barn-like structure (36 feet wide, 60 feet long and 18 feet high) neither a garage nor an outbuilding customarily appurtenant to suburban residences. This constituted a violation of the restrictive covenant relating to the erection and maintenance of buildings and is a violation unrelated to use.

The defendants further argue the trial court should have given them an opportunity to modify the building so as to conform with the restriction. There is no showing, in the record, that such a modification could have been effected. In the absence of such showing and considering the enormity of the offending structure as compared to outbuildings which are customarily appurtenant to suburban residences, we find no abuse of discretion by the trial court in requiring its removal.

The judgment of the trial court is affirmed.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur.