[No. 1465-1.    Division One—Panel 2.    April 2, 1973.]

HOLMES HARBOR WATER CO., INC., *et al., Appellants,* v. THOMAS P. PAGE *et al., Respondents.*

*Harold E. Baily*, for appellants.

*Zylstra & Pitt* and *Richard L. Pitt*, for respondents.

CALLOW, J.—This is an action brought by lot owners and a corporation to enforce a restrictive covenant regulating the height of structures built on lots within a plat known as Holmes Harbor Estates, Inc., Division No. 1, located on Whidbey Island, Washington. The plaintiffs sought an injunction requiring the defendant owners of a neighboring lot to remove or lower a roof that violated a height restriction limiting the height of any residence to 15 feet. The trial court found that the height restriction had been breached but denied the mandatory injunction requested. The lot owners challenge the findings of the trial court and its legal conclusions based thereon.

The plat for Holmes Harbor was approved on June 18, 1962, and restrictive covenants were recorded against the plat. In September, 1964, the restrictive covenants were amended to contain a restriction that "No dwelling . . . shall exceed fifteen (15) feet in height." These amendments were recorded on September 16, 1964. The defendants' predecessor in interest, a Ms. Kinzie, acquired the right to purchase the subject lot when she executed a real estate contract on September 15, 1964, which was recorded September 23, 1964. Title to the property was acquired from Ms. Kinzie, who gave the defendants a quitclaim deed which was recorded March 24, 1970. The warranty deed which Ms. Kinzie gave the defendants when she had fulfilled her contract and the quitclaim deed did not recite the restrictions. In any event, the defendant acknowledged that he knew of the height restriction when he purchased the property, but he was confused as to how it should be applied.

The trial court found that when the defendants' grantor contracted to buy the lot the restrictive covenant concern-

ing height was not in force. He established that this height restriction was contained in the 1964 covenants which were defective, however, because they were improperly acknowledged and were not recorded until after the defendants' grantor contracted to purchase the property. The defendants built a "chalet type" house on the property which exceeded the height limitation by approximately 2.6 feet when measured from the plaintiffs' claimed high point on the lot and by 4 inches when measured from the defendants' claimed high point on the lot. Further, it was found that the adjoining lot owners did not complain about the height of the house to the defendant until a substantial period after the house was completed. The trial court confirmed that the defendants did not intentionally violate the height restriction but made an effort to comply by excavating so the foundation top would be 3½ to 4 feet below ground level. The defendants were found to have a right to rely and to have relied on the builder's representation that the house would not exceed 18 feet in height measured from the top of the foundation. The trial court also confirmed that the plaintiffs failed to prove monetary damages as a result of the building of the house and found instead that lot sales near the defendants' house had increased after it was built. Finally, the findings reflect that the cost of removing or remodeling the house would be extremely high compared to any benefit that the plaintiffs would receive from the removal or modification of the house. The trial court concluded that the issuance of a mandatory injunction was inappropriate.

■ The plaintiffs object to the dismissal of the action with prejudice, the award of costs to the defendants and the refusal to adopt their proposed findings and conclusions. The issues raised concern whether the lot is subject to the restrictive covenant; whether the covenant, though defectively acknowledged, was in effect; whether the covenant was intentionally violated; and whether the violation should be restrained without regard to equity. The record contains substantial evidence to support the findings of the

trial court. Therefore, the findings are accepted as verities upon this appeal.

■■ The granting or withholding of an injunction is addressed to the sound discretion of the trial court to be exercised according to the circumstances of the particular case. *Grande Ronde Lumber Co. v. Buchanan,* 41 Wn.2d 206, 248 P.2d 394 (1952); *Isthmian S.S. Co. v. National Marine Eng'rs' Beneficial Ass'n,* 41 Wn.2d 106, 247 P.2d 549 (1952). An injunction does not issue to a petitioner as an absolute right and is granted only on a clear showing of necessity, *State ex rel. Seattle Milk Shippers' Ass'n v. Superior Court,* 130 Wash. 668, 228 P. 847 (1924), but if the essential elements of necessity and irreparable injury are proven, it is the court's duty to grant the injunction. *Blanchard v. Golden Age Brewing Co.,* 188 Wash. 396, 63 P.2d 397 (1936). A trial court upon considering whether to grant or deny an injunction may recognize circumstances and weigh as equitable factors: (a) the character of the interest to be protected, (b) the relative adequacy to the plaintiff of injunction in comparison with other remedies, (c) the delay, if any, in bringing suit, (d) the misconduct of the plaintiff if any, (e) the relative hardship likely to result to the defendant if an injunction is granted and to the plaintiff if it is denied, (f) the interest of third persons and of the public, and (g) the practicability of framing and enforcing the order or judgment. *Steele v. Queen City Broadcasting Co.,* 54 Wn.2d 402, 341 P.2d 499 (1959); 4 Restatements of Torts § 936 (1939).

■ Injunctive relief against the breach of a restrictive covenant will be denied if the harm done to the defendant by granting the injunction will be disproportionate to the benefit secured by the plaintiff. 5 Restatement of Property § 563 (1944); 4 Restatement of Torts § 941 (1939). A mandatory injunction should not be issued where landowners fail to establish that they would suffer substantial damage if an obstruction is not removed. *Nielson v. King County,* 72 Wn.2d 720, 435 P.2d 664 (1967); *McInnes v. Kennell,* 47 Wn.2d 29, 286 P.2d 713 (1955).

In evaluating the exercise of discretion by the trial court, we note with regard to the issue of innocent or intentional violation of the restrictive covenant that the covenant provided no clear indication from where the height restriction should be measured. In interpreting restrictive covenants, the following rules govern: (1) The primary objective is to determine the intent of the parties. Clear and unambiguous language will be given its manifest meaning. (2) Restrictions on the right to use land will not be extended to forbid any use not clearly expressed. Doubts must be resolved in favor of the free use of land. (3) The entire instrument must be considered. Surrounding circumstances are to be taken into consideration when the meaning is doubtful. *Burton v. Douglas County*, 65 Wn.2d 619, 399 P.2d 68 (1965). The defendant could not be held to strict compliance with an uncertain prohibition. Illustrative of this principle is *Miller v. American Unitarian Ass'n*, 100 Wash. 555, 171 P. 520 (1918), where a restrictive covenant referred to one type of structure, and another type structure was built closer to the street line than permitted by the covenant. The court held the wording of the covenant did not preclude the erection of the type of structure built and that a mandatory injunction should not be granted unless there is a clear violation which will thwart the purpose of the covenant.

The plaintiffs rely upon *Hanson v. Hanly*, 62 Wn.2d 482, 383 P.2d 494 (1963), wherein a mandatory injunction enjoined the use of a lot for storing old boats, automobiles and junk as a violation of a restrictive covenant and further required the removal of a barn-like structure erected in violation of the covenant. The offending building had been erected, and the junk stored by the defendant who knew the acts were violations of the restrictive covenant and yet persisted after being warned. Further, the evidence was that it was not feasible to modify the structure. Under these circumstances, requiring removal of the offending structure and cessation of the offending use was affirmed as a proper exercise of discretion.

■ When one party uses a legal right to invoke a court's equitable power as a weapon of oppression rather than in defense of a just claim, the court may recognize circumstances that justify refusing to enforce the legal right. *Arnold v. Melani*, 75 Wn.2d 143, 437 P.2d 908, 449 P.2d 800, 450 P.2d 815 (1968-69). The justification to refuse the equitable remedy exists here. In *Gilpin v. Jacob Ellis Realties, Inc.*, 47 N.J. Super. 26, 135 A.2d 204 (1957), a case involving a valid covenant admittedly breached by an adjoining landowner, we find:

> The principal question of law raised by this dispute is whether plaintiff is entitled to a mandatory injunction. No plaintiff is entitled to such an injunction as of course, merely because of a violation of a covenant affecting real property, for which, to be sure, there is no adequate remedy at law. The allowance of injunctive relief is a discretionary matter, in that the court may be called upon to give or withhold relief depending upon variables, namely, the circumstances of the case.

The opinion cites the authorities on the issue at length. It considered the circumstances of the innocent violation by the defendant; the delay of the plaintiff in protecting the legal interest; and the relative hardship on the defendant if the legal right of the plaintiff were enforced by the equitable remedy of mandatory injunction. The decision concluded that the small damage done to the plaintiff by the breach of the restrictive covenant was so grossly disproportionate to the damage that would have been done to the defendant if a mandatory injunction were entered that denial of the mandatory injunction was justified.

*Arnold v. Melani, supra*, cited with approval *Golden Press, Inc. v. Rylands*, 124 Colo. 122, 235 P.2d 592, 28 A.L.R.2d 672 (1951). That case involved a slight and unintentional encroachment in breach of a restrictive covenant which did not affect the plaintiff's use and damaged the plaintiff only slightly while, on the other hand, the cost of removal forced upon the defendant would have caused great hardship. The court held that to require removal

would have been unconscionable and, therefore, mandatory injunction was properly denied.

2 J. High, *Law of Injunctions* § 1153 (4th ed. 1905), also states at page 1138:

> And while equity may properly restrain parties from erecting buildings higher than they are authorized to do by their act of incorporation, or by the terms of a contract, a small excess in height above that authorized will not constitute ground for an interlocutory injunction to prevent the use of the building after it has been erected, no irreparable injury being shown from such excess.

(Footnote omitted.)

We are persuaded that the trial court acted within its discretion in denying the mandatory injunction requested. The landowner acted innocently; he attempted to comply with the restrictive covenant; and his violation of it was unintentional. The plaintiffs delayed bringing suit until the construction was complete; they failed to prove any injury; and the cost of removing the violation was exorbitant when compared with the slight violation of the covenant.

Our decision makes the discussion of other issues unnecessary. The judgment is affirmed.

HOROWITZ and WILLIAMS, JJ., concur.