253 P.3d 1131 (2011)
162 Wn. App. 289
FRANKLIN COUNTY SHERIFF'S OFFICE; Franklin County Correctional Center; and Franklin County Prosecuting Attorney's Office, Petitioners,
v.
Allan PARMELEE, Respondent.
No. 27908-1-III.
Court of Appeals of Washington, Division 3.
June 21, 2011.
*1132 Ryan Elliot Verhulp, Franklin County Prosecuting Attorney's Office, Pasco, WA, for Petitioners.
Allan W. Parmelee (Appearing Pro Se), Walla Walla, WA, for Respondent.
BROWN, J.
¶ 1 We granted discretionary review to consider whether the trial court erred in not considering the identity of a Public Records Act (PRA), chapter 42.56 RCW, requester (Allan Parmelee) in a situation where an inmate requested information disclosure for employees of the Franklin County Sheriff's Office, Franklin County Correctional Center, and Franklin County Prosecuting Attorney's Office (collectively referred to as Franklin County). Although the court did not consider Mr. Parmelee's identity, it nevertheless temporarily enjoined disclosure under RCW 42.56.540. We conclude under RCW 42.56.540's grant of equitable injunctive power and the retroactive effect of RCW 42.56.565, permitting the court to consider an inmate's identity as the PRA requester, the court should have considered Mr. Parmelee's identity. Accordingly, we reverse the trial court's ruling it could not consider the identity of the PRA requester. We do not disturb the trial court's temporary injunction.

FACTS
¶ 2 Mr. Parmelee has submitted numerous public-records requests to Franklin County for employment and personnel records, security operations records, photos, metadata (i.e., data about data), and identification numbers. On June 20, 2008, Franklin County successfully petitioned for a permanent injunction to enjoin the release of records.
¶ 3 Arguing he did not have an opportunity to respond, Mr. Parmelee requested to set aside the judgment. The court agreed with Mr. Parmelee and set aside the permanent injunction. But, the court issued a preliminary injunction, enjoining the release of records until a hearing could be held on the permanent injunction; the court partly stated, [T]he court finds it may not consider the identity of the requester and such is not relevant to the issue of whether documents may be withheld. Clerk's Papers (CP) at 41. Franklin County requested reconsideration, which the court denied again finding it inappropriate *1133 [to consider] . . . the identity of the requester. CP at 8. Franklin County filed a notice of appeal and/or notice for discretionary review. A commissioner of our court found this matter not appealable as a matter of right, but granted discretionary review.

ANALYSIS
¶ 4 The issue is whether the trial court erred in finding it could not consider the identity of a public records requester. Franklin County contends while an agency is restricted from considering a PRA requester's identity, the court in exercising its equitable injunctive powers when enforcing the PRA is not similarly restricted.
¶ 5 Preliminarily, Mr. Parmelee moved for additional briefing on whether RCW 42.56.565 should apply retroactively. One of our commissioners referred the motion to the hearing panel. RCW 42.56.565 concerns the inspection or copying of public records by persons serving criminal sentences. The statute sets the necessary procedure for an individual or agency to obtain an injunction. The effective date was March 20, 2009. RCW 42.56.565; see LAWS OF 2009, ch. 10, § 1. We can address the retroactivity question without additional briefing. Therefore, Mr. Parmelee's request for an order requiring additional briefing is denied.
¶ 6 Typically, new legislation including amendments to existing law is given prospective application unless clear intent exists to apply the law retroactively. Howell v. Spokane & Inland Empire Blood Bank, 114 Wash.2d 42, 47, 785 P.2d 815 (1990). But remedial and procedural statutes are often retroactive. In re Pers. Restraint of Mota, 114 Wash.2d 465, 471, 788 P.2d 538 (1990). And, [w]e often apply statutory amendments retroactively if the legislature acted during a controversy regarding the meaning of the law because the legislature's timing reflects its intent to cure or clarify a statute. West v. Thurston County, 144 Wash.App. 573, 583, 183 P.3d 346 (2008). Considering RCW 42.56.565 is a procedural statute enacted as a result of the disputes surrounding inmates' PRA requests, we treat the statute as retroactive.
¶ 7 Whether in exercising its equity powers a court may consider a PRA requester's identity in a RCW 42.56.540 proceeding is a question of law. We review questions of law de novo. City of Redmond v. Moore, 151 Wash.2d 664, 668, 91 P.3d 875 (2004). An equity application is reviewed for an abuse of discretion. Willener v. Sweeting, 107 Wash.2d 388, 397, 730 P.2d 45 (1986).
¶ 8 The PRA purpose is to provide full access to information concerning the conduct of government on every level . . . as a fundamental and necessary precondition to the sound governance of a free society. RCW 42.17.010(11). The PRA requires all state and local agencies to disclose any public record upon request, unless it falls within certain specific enumerated exemptions. RCW 42.56.070(1). One exception is when the request is made by a prisoner in an attempt to harass penitentiary staff. See Burt v. Washington State Dep't of Corr., 168 Wash.2d 828, 837 n. 9, 231 P.3d 191 (2010) (We note that the legislature has enacted legislation that will greatly curtail abusive prisoner requests for public records) (citing RCW 42.56.565).
¶ 9 Under RCW 42.56.540, the court may enjoin the examination of any specific public record, if the court finds that such examination would clearly not be in the public interest and would substantially and irreparably damage any person, or would substantially and irreparably damage vital governmental functions. Because injunctive relief is equitable, the PRA specifically allows the court to perform its equitable functions. While the court's common law equitable powers are broad, it may not venture into areas precluded by statute. In re Marriage of Possinger, 105 Wash.App. 326, 333-36, 19 P.3d 1109 (2001). Equitable powers include the power to prevent the enforcement of a legal right. Shoemaker v. Shaug, 5 Wash. App. 700, 705, 490 P.2d 439 (1971). And, equity's goal is to do substantial justice. Id. at 704, 490 P.2d 439.
¶ 10 Here, the court in equity and in the specific facts of this case would have to assess many factors in determining whether examination would clearly not be in the public's interest and would substantially damage *1134 a person or vital governmental function. Because the court engages in balancing equities, one factor would necessarily be the identity of the PRA requester and those affected by that request. The court cannot fairly evaluate whether a request is or is not in the public's interest if it cannot consider the PRA requester's identity and those affected by disclosure of the requested information.
¶ 11 Moreover, the procedure for an injunction regarding documents requested by an inmate is now set in RCW 42.56.565. To apply the statute, the court is required to consider the requester's identity (i.e., whether the requester is an inmate). As Division Two of this court recently held, incarceration presents unique concerns in the context of PRA requests. Gronquist v. Dep't of Corr., 159 Wash.App. 576, 586, 247 P.3d 436 (2011). Thus, the requester's identity must be considered for RCW 42.56.565 purposes.
¶ 12 Relying on RCW 42.56.080, Mr. Parmelee argues courts, like agencies, may not consider the identity of requesters. RCW 42.56.080 states, Agencies shall not distinguish among persons requesting records. But, recently, our Supreme Court distinguished between an agency and the judiciary. In Yakima v. Yakima Herald-Republic, 170 Wash.2d 775, 778, 246 P.3d 768 (2011), the court held RCW 42.56.904 (relating to the release of attorney invoices) applies to documents held by a public agency not judicial documents held by the judiciary. If a statute's meaning is plain on its face, this court gives effect to that plain meaning as an expression of legislative intent. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wash.2d 1, 9-10, 43 P.3d 4 (2002). The legislature would have added the word, courts if it intended for courts, like agencies, to not distinguish among persons requesting records.
¶ 13 As noted, an injunction is equitable and designed to prevent serious harm. DeLong v. Parmelee, 157 Wash.App. 119, 150, 236 P.3d 936 (2010), review granted, 171 Wash.2d 1004, 248 P.3d 1042 (2011). When a court considers whether to issue an injunction, it generally weighs the following factors:
(a) the character of the interest to be protected, (b) the relative adequacy to the plaintiff of injunction in comparison with other remedies, (c) the delay, if any, in bringing suit, (d) the misconduct of the plaintiff if any, (e) the relative hardship likely to result to the defendant if an injunction is granted and to the plaintiff if it is denied, (f) the interest of third persons and of the public, and (g) the practicability of framing and enforcing the order or judgment.
Id. (quoting Holmes Harbor Water Co., v. Page, 8 Wash.App. 600, 603, 508 P.2d 628 (1973)). It would be difficult for the court to weigh, the relative hardship likely to result to the defendant if an injunction is granted if it could not consider the defendant's (i.e., requester's) identity. Id.
¶ 14 Given all, in the context of an inmate requester and the application of RCW 42.56.565, we conclude the trial court is permitted to consider the identity of a PRA requester in a RCW 42.56.540 proceeding. The trial court erred in otherwise finding.
¶ 15 Mr. Parmelee requests attorney fees and costs on appeal. His request is based on equity. Br. of Resp't at 16. Since Mr. Parmelee has not prevailed and he fails to provide compelling authority justifying an award in equity, his request for attorney fees and costs is denied.
¶ 16 Mr. Parmelee requests PRA penalties under RCW 42.56.550(4). Under this statute, Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record [the court may] award such person an amount not less than five dollars and not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record. RCW 42.56.550(4). Since Mr. Parmelee has not yet prevailed (i.e., the trial court has not rendered a decision regarding the permanent injunction) it would be premature to award Mr. Parmelee PRA penalties.
¶ 17 Reversed.
WE CONCUR: KULIK, C.J., and SWEENEY, J.